IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
AUG 28 2017
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | |
|---|---|
| Nancy E. Lewen, | )<br>) |
| Plaintiff, | ) Civil Action No. 17 CV 148 Erie |
| vs. | )<br>)<br>) |
| Pennsylvania Soldiers and Sailors Home, *et al.* | )<br>) |
| | ) Magistrate Judge Susan Paradise Baxter |
| Defendants, | ) |

For her reply to the Defendants' answer to her Complaint, Plaintiff responds as follows:

## RESPONSE TO AFFIRMATIVE DEFENSES

1.  Plaintiff denies each and every one of the thirteen affirmative defenses raised by the defendants.

2.  In response to the eleventh affirmative defense:

The Plaintiff did not "refuse" to testify or submit evidence. The complete 232 page transcript from the hearing before State Civil Service Commission Hearing Officer David Zurn, Appeal No. 28947, was transcribed by Court Reporter Shannon C. Fortsch of Sargent's Court Reporting Service, Inc. on June 13, 2016 at 9:33 am at the Pennsylvania Soldiers and Sailor's Home, Second Floor Conference Room. The above referenced transcript proves beyond a shadow of a doubt that the Plaintiff clearly attempted to submit evidence and testify. The one piece of evidence that the Plaintiff did manage to have admitted was the complete unmanipulated 54 page off duty Facebook text messages. These were the Facebook messages wherein the Plaintiff admitted to the coworker that she had made the anonymous elder abuse and quality of care complaints to the Pennsylvania Department of Health and the Pennsylvania Office of the Attorney General. These were the Facebook messages that the Defendants "cherry picked," and used as the pretextual grounds for their swift termination of the

Plaintiff. At the State Civil Service appeal hearing, the Defendants "railroaded" the Plaintiff, intentionally prejudiced the Plaintiff due to her ignorance of civil service appeal hearing procedure and denied the Plaintiff due process. The Defendants discriminated by intentionally exploiting the Plaintiff's impaired socioeconomic status and inability to afford legal counsel to represent and defend her legal rights. The transcript proves beyond a shadow of a doubt that State Civil Service Commission Hearing Officer David Zurn chastised the Plaintiff several times for attempting to submit evidence and for attempting to testify at the hearing.

The transcripts from the two pre termination disciplinary meetings, and other evidence, will prove to this Court by a preponderance of evidence that the Plaintiff's termination, and the State Civil Service Commission appeal process, was a retaliatory "witch hunt" motivated by evil intent. Specifically, several Commonwealth of Pennsylvania employees in positions of power intentionally discriminated against, intimidated, relentlessly bullied and humiliated the Plaintiff under color of law. A preponderance of evidence will show that this orchestrated discrimination and intimidation were intentional acts of retaliation against the Plaintiff for voicing safety concerns, regulatory compliance concerns, and for reporting the sexual assault of several cognitively impaired elderly veterans, and other facility abuse and neglect, to the Pennsylvania Department of Health and to the Pennsylvania Office of the Attorney General, Bureau of Criminal Investigation.

Public record in the form of Pennsylvania Civil Service Commission Adjudication will show that the Plaintiff has not been treated equally and fairly. Specifically, the Commissioners agree with PSSH that what the Plaintiff did was so "horrible," yet there is a Registered Nurse working at PSSH that was found guilty by the Pennsylvania Civil Service Commission of a violation of DHS Human Resource Policy 7178, "Patient Abuse," and DHS Human Resource Policy 7174, "Failure to Follow." The Pennsylvania Civil Service Commission Appeal number is 28701. The patient abuse and neglect happened in April 2015 at the Warren State Hospital. The nurse was suspended for three days, then

2

transferred to PSSH a couple months later. Her appeal was adjudicated in April 2017, and the Civil Service Commissioners did agree with Warren State Hospital administrators and find that she was guilty of patient abuse and neglect. It is a violation of the Plaintiff's right to equal protection of the law, and a matter of public interest, that the Pennsylvania Civil Service Commissioners are able to keep one nurse who they found guilty of patient abuse and neglect, but they are not able to keep a different nurse for voicing safety concerns.

WHEREFORE, having fully responded to the defendants' answer, the Plaintiff prays that the Court rule in her favor and award all judgments, remedies and other relief as may be justified.

Respectfully Submitted,

_Nancy E. Lewen_
Nancy E. Lewen
3342 West 12th Street
Erie, PA 16505

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by First Class US Mail on this __25th__ day of __August__, 2017 to:

Deputy Attorney General Michael E. Kennedy, Counsel for all Defendants
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

_Nancy E. Lewen_
Nancy E. Lewen
3342 West 12th Street
Erie, PA 16505