IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY E. LEWEN | : | |
| | : | Civil Action No. 1:17-cv-148-SPB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Magistrate Judge Susan Paradise Baxter |
| PENNSYLVANIA SOLDIERS' AND SAILORS' HOME (PSSH), BARBARA RAYMOND, PENNSYLVANIA DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, BRIGADIER GENERAL ANTHONY CARRELLI, PENNSYLVANIA STATE CIVIL SERVICE COMMISSION, CHAIRMAN BRYAN R. LENTZ, COMMISSSIONER ODELFA SMITH PRESTON AND COMMISSIONER GREGORY M. LANE, | : | |
| Defendant. | : | |

## REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties**. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

   *For Defendants*:   Michael E. Kennedy, Esquire
   6th floor, Manor Building
   564 Forbes Avenue
   Pittsburgh PA  152198
   412 565 7495 phone
   *No fax number*
   mkennedy@attorneygeneral.gov

   *For Plaintiff*:   Nancy Lewen  pro se
   3342 West 12th Street
   Erie PA  16505
   814 920 3180 phone
   *No fax number*
   lewennancy@gmail.gov

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):  *Civil Rights- First Amendment, Fourteenth Amendment
   Free speech and due process violations*

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

*August 23, 2017.  Attorney Kennedy and Plaintiff.*

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

    *September 8, 2017.*

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

    *Defendants have filed an Answer to Plaintiff's Complaint.  Plaintiff has filed an Amended Complaint.  Defendants anticipate filing a partial motion to dismiss the Amended Complaint by September 8, 2017*

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

*The parties agree to an Early Neutral Evaluation.  The ENE should occur within 60 days of the initial case management conference.*

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:
    *None anticipated*

8. **Subjects on which fact discovery may be needed**. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

    *The circumstances surrounding Plaintiffs termination.  The circumstances surrounding Plaintiffs civil service appeal of her termination.  Whether plaintiff was terminated for legitimate reasons, or whether her termination was the result of her first amendment speech.  The extent of Plaintiffs damages.*

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery.  In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below.  The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed.  If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed

date.  Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

a.  **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**  *September 22, 2017*

b.  **Date by which any additional parties shall be joined:**  *October 20, 2017*

c.  **Date by which the pleadings shall be amended:** *October 20, 2017*

d.  **Date by which fact discovery should be completed:** *February 20, 2018*

e.  **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** *not applicable*

f.  **Date by which plaintiff's expert reports should be filed:**  *The parties request a status conference at the conclusion of fact discovery.  If necessary, the parties would then request an expert discovery schedule indicating the dates expert reports would be due, as well as a schedule for the discovery deposition of any expert witness.*

g.  **Date by which depositions of plaintiff's expert(s) should be completed: *The parties request a status conference at the conclusion of fact discovery.  If necessary, the parties would then request an expert discovery schedule indicating the dates expert reports would be due, as well as a schedule for the discovery deposition of any expert witness.*** *The parties request a status conference at the conclusion of fact discovery.  If necessary, the parties would then request an expert discovery schedule indicating the dates expert reports would be due, as well as a schedule for the discovery deposition of any expert witness.*

h.  **Date by which defendant's expert reports should be filed:** *The parties request a status conference at the conclusion of fact discovery.  If necessary, the parties would then request an expert discovery schedule indicating the dates expert reports would be due, as well as a schedule for the discovery deposition of any expert witness.*

i.  **Date by which depositions of defendant's expert(s) should be completed:** *The parties request a status conference at the conclusion of fact discovery.  If necessary, the parties would then request an expert discovery schedule indicating the dates expert reports would be due, as well as a schedule for the discovery deposition of any expert witness.*

j.  **Date by which third party expert's reports should be filed:** *none anticipated*

k.  **Date by which depositions of third party's expert(s) should be completed:** None anticipated

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations: *none anticipated*

11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

    a. **ESI.** Is either party seeking the discovery of ESI in this case?
    X Yes         ☐ No [If "No," skip to sub-part (e) below.]

    b. **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

    > X Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by *The parties will provide either hard copies or disc of all ESI discovery materials*

    > ☐ Have developed an ESI discovery plan (as attached).
    > ☐ Will have an ESI discovery plan completed by

    c. NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
    ☐ Yes     X No

    d. **Other.** Identify all outstanding disputes concerning any ESI issues:
    _____
    _____
    _____

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

*The parties elect to have a post fact discovery status conference*

    a.    **Settlement and/or transfer to an ADR procedure;**

    b.    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

    c.    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    d.    **Dates by which parties' pre-trial statements should be filed;**

    e.    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    f.    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    g.    **Dates proposed for final pre-trial conference;**

    h.    **Presumptive and final trial dates.**

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c): *none*

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role: *No*

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached: *none*

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

*Plaintiff has submitted a demand. Defendants have made no offer*

Respectfully submitted,

Attorneys for Defendants,

/s/*Michael E Kennedy*
Michael E Kennedy
Deputy Attorney General
PA ID 52780

        OFFICE OF ATTORNEY GENERAL
        6th Floor, Manor Complex
        564 Forbes Avenue
        Pittsburgh, PA 15219


  Plaintiff

   */s/ Nancy Lewen*
  Nancy Lewen
  3342 West 12th Street
  Erie PA  16505
  814 920 3180 phone
  No fax number
  lewennancy@gmail.gov