IN THE UNITED STATES DISTRICT COURT
WESTERN PENNSYLVANIA DISTRICT: ERIE DIVISION

-----------------------------------------------------------------------

No:     1:17 cv 00148 Erie

NANCY E. LEWEN                              Magistrate Judge Susan Paradise Baxter
    Individually and on behalf of
    others so situated

        Plaintiff, Pro Se

vs

**FILED**

PENNSYLVANIA SOLDIERS'                      SEP 2 2 2017
AND SAILORS' HOME (PSSH),

BARBARA RAYMOND, COMMANDANT,                CLERK U.S. DISTRICT COURT
    In her Individual and Official Capacity   WEST. DIST. OF PENNSYLVANIA

PENNSYLVANIA DEPARTMENT OF
MILITARY AND VETERANS AFFAIRS (DMVA),

BRIGADIER GENERAL ANTHONY CARRELLI, ADJUTANT GENERAL,
    In his Individual and Official Capacity

PENNSYLVANIA STATE CIVIL SERVICE COMMISSION

BRYAN R. LENTZ, Chairman,
    In his Individual and Official Capacity

ODELFA SMITH PRESTON, Commissioner,
    In her Individual and Official Capacity

GREGORY M. LANE, Commissioner,
    In his Individual and Official Capacity

UNKNOWN BOARD MEMBERS- PENNSYLVANIA DEPARTMENT OF LABOR AND
INDUSTRY, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, (UCBR)

KATHY MANDERINO, Secretary,
    In her Individual and Official Capacity

1

PENNSYLVANIA BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, (BPOA)

PENNSYLVANIA STATE BOARD OF NURSING, (BON)

SUZANNE HENDRICKS, Committee Member,
    In her individual and offical capacity,

LINDA A. KERNS, Committee Member
    In her individual and offical capacity,

SHERRI LUCHS, Committee Member
    In her individual and official capacity

PENNSYLVANIA DEPARTMENT OF STATE/OFFICE OF HEARING EXAMINERS

CHRISTOPHER K. MCNALLY, Hearing Examiner
    In his individual and official capacity

## SECOND AMENDED COMPLAINT

1. This is a civil action under 42 U.S.C § 1983 and the First and Fourteenth Amendments of the United States Constitution, seeking compensatory, equitable and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the United States Constitution, laws of the United States of America and laws of the Commonwealth of Pennsylvania; violating the Plaintiff's rights to her exercise of constitutionally protected speech; denying the Plaintiff due process of law, and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391. The actions complained of took place in this judicial district.

3. Plaintiff is a prior Civil Servant and Department of Military and Veterans Affairs employee in the position of Licensed Practical Nurse at the Pennsylvania Soldiers and Sailors Home.

2

4. Defendants contend that the Plaintiff was terminated for the allegedly "egregious" behavior of:

    A) Threatening a male coworker with homemade chicken noodle soup and Vick's Vapo Rub when the coworker was sick with a bad head cold and going through a divorce.
    B) Voicing workplace safety concerns in an off duty Facebook message to a coworker following an incident of workplace violence against the Plaintiff by a supervisor.
    C) Warning a coworker's ex wife that his online dating profile revealed too much personal information and was jeopardizing the safety of herself and her teenage daughter, then providing the USPS tracking number to the coworker in an email.
    D) Discussing a "gender discrimination" letter with an immediate supervisor, which was addressed to the EEOC, written mainly on the subject of PSSH Administrators possibly committing staffing level fraud and depriving male personal care home residents of their legal rights in violation of *55 Pa Code Title 2600.42 and 2600.43*.

5. Plaintiff was terminated from PSSH and DMVA in March 2016 on allegations of "workplace violence." Plaintiff contends that the actual cause for termination was "unlawful whistleblower retaliation," in violation of Commonwealth of Pennsylvania law, (*Older Adults Protective Services Act 35 P. S §10225.302 and 006 Pa Code §15.22,*) for reporting elder abuse, elder neglect and quality of care issues to the <u>Pennsylvania Department of Health</u> and the <u>Pennsylvania Office of Attorney General</u>, who opened a criminal investigation on the Plaintiff's complaint, which presumably remains open.

6. All Defendants are state government agencies and officials in the Commonwealth of Pennsylvania, and a "person" subject to suit within the meaning of 42 U.S.C. Section 1983.

7. At all relevant times, Defendants acted under color of state law.

8. Upon information and belief, above mentioned Defendants receive federal funds.

9. Plaintiff brings this action resulting from whistleblower retaliation and wrongful termination from the <u>Pennsylvania Soldiers' and Sailors' Home</u> on or about March 2, 2016.[1] Plaintiff was wrongfully discharged from her position as a Licensed Practical Nurse in violation of her federal constitutional right to free speech. Plaintiff was then denied due process of law by the other state agency Defendants in their assistance to the Department of Military and Veterans Affairs.

---

1 On or about Fall of the year 2016, 39 employees from a different DMVA facility, the Hollidaysburg Veterans Home, were suspended as an act of retaliation because they had talked amongst themselves about a problem of elder abuse in their facility.

3

10. Plaintiff dual filed a complaint with the Equal Employment Opportunity Commission (EEOC) and Pennsylvania Human Relations Commission (PHRC) on or about June 9, 2016 against the Pennsylvania Soldiers' and Sailors' Home and the Department of Military and Veterans Affairs on the issues of "Retaliation and Disability Discrimination."

11. The EEOC found no disability discrimination by PSSH and DMVA in violation of federal law, and Plaintiff was issued "Notice of Right to Sue" on March 30, 2017.[2]

12. In April 2017, the PHRC assigned Case # 201605294, 201605295, 201605297, 201605660, and 201605663 to the Plaintiff's "Retaliation," and other "Disability Discrimination" claims. To the Plaintiff's knowledge and belief, these complaints have not yet been investigated in the PHRC "first come first serve" administrative process.

13. The Plaintiff filed COMPLAINT IN CIVIL ACTION on June 2, 2017 in the Court of Common Pleas of Erie County Pennsylvania against Defendants Pennsylvania Soldiers' and Sailors' Home, Barbara Raymond, Pennsylvania Department of Military and Veterans' Affairs, and Anthony Carrelli on the issues of *"Defamation of Character; Libel and Slander, Mental Anguish and Humiliation, Wrongful Termination and Merit-less Denial of Unemployment Compensation."* Case # 11584-17. The Defendants have made no offers to mediate or enter a settlement agreement in that judicial forum.

14. On June 2, 2017, the Plaintiff brought before this honorable Court the claims of *"Violation of Freedom of Speech and Due Process of Law, 1st and 14th Amendments to the US Constitution,"* against Defendants Pennsylvania Soldiers and Sailors Home, Barbara Raymond, Pennsylvania Department of Military and Veterans Affairs, Anthony Carrelli, Pennsylvania State Civil Service Commission, Bryan R. Lentz, Odelpha Smith Preston, and Gregory M. Lane.

15. On June 12, 2017, this case was designated to the United States District Court for the Western District of Pennsylvania Alternative Dispute Resolution (ADR) program.

---

2 At all relevant times, all Defendants have known that Plaintiff alleges to be an overcomer of domestic violence, diagnosed with "PTSD," (Post Traumatic Stress Disorder.)

16. In the interest of judicial efficiency, the Plaintiff has petitioned this Court to admit this amended complaint and to appoint Pro Bono Counsel for representation during the ADR process.

## Facts in Support of Complaint

17. The Mission Statement of DMVA, as it pertains to caring for US military veterans, is to "provide quality service to the Commonwealth's veterans and their families." In the annual Pennsylvania Department of Health (DOH) inspection in November 2015, PSSH was cited with eleven (11) deficiencies, including F-Tags 309 and 441, which are quality of care citations that can be considered by surveyors to be indicators of insufficient staffing levels. The PSSH Plan of Correction, written by Defendant Barbara Raymond and approved by Defendant Anthony Carrelli, was to discipline nurses without actually investigating and addressing root causes. Plaintiff was accused by Defendants of the very serious allegation of "neglect of duty."

18. Plaintiff countered the neglect of duty allegation with an allegation of "facility contributory neglect," then filed an anonymous complaint with the Department of Health in December 2015, which resulted in four (4) more deficiencies, including another F-Tag 309. Plaintiff then filed an anonymous complaint of elder abuse and neglect with the Pennsylvania Office of the Attorney General.

19. Plaintiff confided to a coworker in off duty Facebook messages that she had been the employee who had filed the anonymous complaints of elder abuse. The Plaintiff and the coworker were not "dating," but were discussing going on an outing to the Cleveland Museum of Art.

20. Plaintiff then voiced workplace safety concerns in an off duty Facebook message to the same coworker following an incident of workplace violence against the Plaintiff by a supervisor.

21. Voicing workplace safety concerns is a protected activity under the Occupational Safety and Health Act of 1970 (OSH Act).

22. Plaintiff then jokingly "threatened" the same coworker with homemade chicken noodle soup and Vick's Vapo Rub when the coworker was sick with a bad head cold.

5

23. Plaintiff then mailed a letter warning the coworker's ex wife that his online dating profile revealed too much personal information and was jeopardizing the safety of herself and her daughter.

24. Plaintiff then discussed a creative writing style letter addressed to the EEOC with an immediate supervisor, which was written jokingly about "gender discrimination." The letter was mainly on the subject of PSSH Administrators possibly committing staffing level fraud and depriving male personal care home residents of their legal rights in violation of *55 Pa Code Title 2600.42 and 2600.43*

25. The coworker then gave the off duty Facebook messages to an unknown third coworker, who then shared the information with Defendant Barbara Raymond, who immediately terminated the Plaintiff. The identity of the third coworker who provided the information to Defendant Barbara Raymond was never revealed by the Defendants.

26. Plaintiff was terminated on the grounds of "workplace violence," with no progressive disciplinary procedure. Manipulated and out of context excerpts from the off duty Facebook messages were used as grounds for the Plaintiff's termination. The manipulated excerpts from the off duty Facebook messages were then used as evidence in the SCSC appeal proceedings and the UCBR appeal proceedings. The numerous excerpts which contained the references to the Plaintiff's reports of elder abuse to the Pennsylvania Department of Health and to the Pennsylvania Office of Attorney General were ignored by all of the Defendants.

27. The coworker testified at the Plaintiff's civil service appeal and unemployment compensation appeal hearings that he had not complained to administrators, but had merely shared the off duty Facebook messages with another coworker who then gave them to administrators.

28. The <u>Pennsylvania Department of Military and Veterans Affairs</u> confirmed that the coworker never filed a complaint about the Plaintiff's behavior. The coworker has since resigned from the <u>Pennsylvania Soldiers and Sailors Home</u>, after publicly voicing complaints about poor staffing levels and quality of care issues for several years.

29. The Plaintiff's immediate supervisor and Director of Nursing gave neutral and factual testimony about the Plaintiff at the civil service appeal hearing.

30. Plaintiff was contacted by telephone on June 14, 2016 by a criminal investigator from the Pennsylvania Office of the Attorney General, then interviewed in person at the Erie Field Office on June 17, 2016 by Erie Special Agent Jack Brickner and Supervisory Special Agent Gary Tallent from the Pittsburgh office. A criminal elder abuse investigation against PSSH was opened at that time, and presumably remains open.

31. Defendant Barbara Raymond did not testify at the civil service appeal hearing. In her testimony at the unemployment compensation hearing, Barbara Raymond denied that the termination was an act of retaliation, denied knowing at the time of termination that the Plaintiff had been the employee who had filed the anonymous elder abuse complaints, and insisted that the termination was solely for the Plaintiff threatening the coworker with the chicken noodle soup and Vick's Vapo Rub in the off duty Facebook messages, writing the letter to the coworker's estranged wife, and voicing workplace safety concerns in the off duty Facebook messages.

32. Defendant Barbara Raymond denied even knowing about the part of the off duty Facebook messages that mentioned the reports of elder abuse to the Pennsylvania Department of Health and the Pennsylvania Office of the Attorney General.

33. The Plaintiff's safety and discrimination concerns that were shared in off duty Facebook messages, and in a letter addressed to the EEOC and discussed with an immediate supervisor, were a form of free speech protected by the First Amendment to the U.S. Constitution.

34. The Pennsylvania State Civil Service Commission further denied the Plaintiff's right to due process of law and freedom of speech when they did not permit the Plaintiff to testify at her appeal hearing. The Plaintiff lost her appeal. Final Adjudication was entered on December 8, 2016. Plaintiff requested reconsideration and reversal of the decision, which was denied on January 11, 2017.

35. The Plaintiff's Unemployment Compensation was meritlessly denied on grounds of "willful misconduct," despite the fact that the Plaintiff's behavior did not fit the definition of "willful misconduct."

36. The <u>Pennsylvania Department of Labor and Industry, Unemployment Compensation Board of Review</u> further violated the Plaintiff's right to due process by failing to provide legal citations for their decision, for admitting hearsay as evidence, for denying the Plaintiff's motion to deny the hearsay, and by refusing to remand the matter to the Referee when the Plaintiff submitted new evidence of Perjury by a witness that was mailed to the Plaintiff by an unknown party.

37. Defendant Kathy Manderino, Secretary of the <u>Pennsylvania Department of Labor and Industry,</u> further violated the Plaintiff's right to due process of law by denying the Plaintiff's written request for the names of the board members who had made the decision and for denying the Plaintiff's written request for the legal citation that was used by the board members, if any, when they made their decision.

38. Defendants <u>Pennsylvania Bureau of Professional and Occupational Affairs, Pennsylvania State Board of Nursing</u>, Suzanne Hendricks, Linda A. Kerns, Sherri Luchs then assisted with whistleblower retaliation against the Plaintiff at the request of the Defendant Department of Military and Veteran's Affairs by seizing and temporarily suspending the Plaintiff's nursing license and publishing the the Plaintiff was a "threat to public safety."

39. Defendants <u>Pennsylvania Department of State/Office of Hearing Examiners</u> and Hearing Examiner David K. McNally then further violated the Plaintiff's right to Due Process of Law, Equal Protection of the Law and Freedom of Speech by refusing to acknowledge the Plaintiff's pleadings and allegations of whistleblower retaliation, but admitting the findings from the Unemployment Compensation Appeal and the Pennsylvania State Civil Service Commission Appeal.

40. Defendants <u>Pennsylvania Bureau of Professional and Occupational Affairs,</u> and <u>Pennsylvania</u>

8

State Board of Nursing, then further violated the Plaintiff's legal rights by not reinstating the Plaintiff's temporarily suspended nursing license within 180 days as required by Pennsylvania law.

41. At all times, the Plaintiff's speech was that of a private citizen, a public employee, and a "whistleblower" on a matter of public concern, facility regulatory compliance and safety issues. The Plaintiff's constitutionally guaranteed right to free speech and statutory rights as a reporter of elder abuse outweighed any interest of the Defendants in suppressing that speech.

42. The Plaintiff never engaged in speech that was inconsistent with the mission of the Pennsylvania Soldiers' and Sailors' Home and Department of Military and Veterans Affairs.

43. Defendants violated the Plaintiff's clearly established statutory and constitutional rights by committing, assisting and facilitating the violations of others under color of state law.

## CLAIM ONE

44. Denial of Freedom of Speech in violation of the First Amendment of the US Constitution

Against all Defendants.

## CLAIM TWO

45. Denial of Due Process and Equal Protection of the law in violation of the Fourteenth Amendment to the US Constitution

Against all Defendants.

## CLAIM THREE

46. Retaliation in violation of the Occupational Safety and Health Act of 1970 (OSH Act).

Against all Defendants.

## CLAIM FOUR

47. Whistleblower Retaliation in violation of the Pennsylvania Whistleblower Law, 43 Pa.C.S. §§ 1421-1428, the Older Adults Protective Services Act 35 P. S §10225.302, 006 Pa Code §15.22

Against all Defendants.

## CLAIM FIVE

48. <u>Defamation of Character; Libel, Slander in violation of 42 PA. CONS. STAT. §§ 8341-8345.</u>

Against all Defendants for publishing false defamatory statements in public records up to and including publishing a statement calling the Plaintiff a "threat to public safety."

## CLAIM SIX

49. <u>Infliction of Mental Anguish and Humiliation.</u>

Against all Defendants for exercising such undue hostility and administrative bullying under color of state law as to cause the Plaintiff to suffer a complete psychotic breakdown.

## CLAIM SEVEN

50. <u>Wrongful Termination.</u>

Against Defendants PENNSYLVANIA SOLDIERS AND SAILORS HOME, BARBARA RAYMOND, PENNSYLVANIA DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, ANTHONY CARRELLI, PENNSYLVANIA CIVIL SERVICE COMMISSION, BRYAN R. LENTZ, ODELFA SMITH PRESTON, GREGORY M. LANE.

## CLAIM EIGHT

51. <u>Meritless Denial of Unemployment Compensation.</u>

Against Defendants PENNSYLVANIA SOLDIERS AND SAILORS HOME, BARBARA RAYMOND, PA DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, ANTHONY CARRELLI, PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY UNEMPLOYMENT COMPENSATION BOARD OF REVIEW and KATHY MANDERINO.

## CLAIM NINE

52. <u>Disability Discrimination and Failure to Accommodate a Disability.</u>

Against all Defendants.

53. As a result of the Defendants' violations of the Plaintiff's constitutional and statutorial rights, the Plaintiff has suffered severe and substantial losses. These losses include lost salary and benefits, lost raises, meritlessly suspended nursing license, imminent loss of home, diminished earnings capacity, lost career opportunities, personal and professional damage to reputation, anxiety, depression, weight gain, strained relationships, expenses for filing fees, postage and office supplies, embarrassment, emotional distress, and triggered Post Traumatic Stress Disorder with complete psychotic breakdown.

54. WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    A. Appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of the Defendants.

    B. Appropriate equitable relief against all Defendants including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful employment practices are eliminated and do not continue to affect Plaintiff's, or others' employment opportunities;

    C. Such other relief to the maximum amount which Plaintiff may be entitled.

Respectfully Submitted,

_Nancy E. Lewen_     9/20/2017
Nancy E. Lewen
3342 West 12th Street
Erie, PA 16505