IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY E. LEWEN | : | |
| | : | Civil Action No. 1:17-cv-148-SPB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Magistrate Judge Susan Paradise |
| PENNSYLVANIA SOLDIERS' AND | : | Baxter |
| SAILORS' HOME (PSSH), BARBARA | : | |
| RAYMOND, PENNSYLVANIA | : | |
| DEPARTMENT OF MILITARY AND | : | |
| VETERANS AFFAIRS, BRIGADIER | : | |
| GENERAL ANTHONY CARRELLI, | : | |
| PENNSYLVANIA STATE CIVIL SERVICE | : | |
| COMMISSION, CHAIRMAN BRYAN R. | : | |
| LENTZ, COMMISSSIONER ODELFA | : | |
| SMITH PRESTON AND COMMISSIONER | : | |
| GREGORY M. LANE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANTS RESPONSE TO PLAINTIFFS MOTION TO DISQUALIFY
COUNSEL (ECF 33)**

AND NOW, comes the Defendants, by their counsel, Deputy Attorney General Michael

E. Kennedy and Kenneth Joel, Chief Deputy Attorney General and file the following Response

to Plaintiffs Motion to Disqualify Counsel.

I.  **BACKGROUND**

This case arises from Plaintiff's termination from her employment with Defendant, The

Pennsylvania Soldiers and Sailors Home (PASSH), and her efforts to contest that termination through the

civil service procedures available to her.  Plaintiffs' Second Amended Complaint (ECF 31 ) contains the

operative factual assertions.

Plaintiff alleges that she was a civil servant, employed as a licensed practical nurse at PASSH. PASSH is identified as on one of six long term care facilities operated by the Department of Veterans Affairs (Id p 3) She alleges that on March 2, 2016 she was terminated in retaliation for her reporting of elder neglect and quality of care issues at the veterans home to the Pennsylvania Attorney General and the Pennsylvania Department of Health.  She asserts that the stated reasons for her termination, allegations of workplace violence, are pretextual. (Id. p 4, 5,)   She alleges that nearly every entity involved in her case, from that point forward, including the Civil Service Commission, the Workers Compensation Appeal Board andthe State Board of Nursing, violated her rights in one way or another.  As it is not relevant for purposes of this response, Defendants will not explore all of the individual allegations of misconduct by the various state entities/Defendants.

## II.     ARGUMENT

To disqualify opposing counsel, the moving party must clearly show that continued representation by opposing counsel would be impermissible. *See Cohen v. Oasin,* 844 F.Supp. 1065, 1067 (E.D.Pa.1994). Disqualification is a harsh measure and is generally disfavored by the court. See *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.,* 808 F.Supp. 1200, 1203 (E.D.Pa.1992). Moreover, the court has an obligation to prevent opposing parties from using motions to disqualify for tactical purposes. *See id.* "In determining whether disqualification is appropriate, the Court must also consider countervailing policies, such as permitting a litigant to retain his chosen counsel and enabling attorneys to practice without excessive restrictions." *Jordan v. The Philadelphia Housing Auth.,* 337 F.Supp. 666, 672(E.D.Pa.2004). The court should only grant a motion to disqualify when it determines that disqualification is an appropriate means of enforcing the applicable disciplinary rule. *United States v. Miller,* 624 F.2d 1198, 1201 (3rd Cir.1980). As such, vague and unsupported allegations are not sufficient to meet this standard. *Buschmeier*

*v. G & G Investments, Inc.,* No. MISC. 02: 03MC00506, 2007 WL 4150408, at *5 (W.D. Pa.

Nov. 19, 2007)

Plaintiffs' instant motion is nothing but vague and unsupported allegations, and the

motion clearly lacks the merit necessary to take the harsh step suggested by Plaintiff. For

example, Plaintiff asserts a conflict of interest under Rule 1.7(a)(2) as the basis of her motion.

She has not, however, submitted any facts that the undersigned, let alone any other attorney from

the Pennsylvania Office of Attorney General has ever represented her, or been provided

confidential information from her, that would create a conflict or otherwise cause her to be at a

disadvantage in these proceedings.  She has indicated that she had made a report of alleged elder

abuse to certain agents of the Attorney General's Office, but has not provided anything further to

even remotely suggest the undersigned was involved in that investigation (which he was not) or

otherwise garnered confidential information.  In her efforts to pull herself within the scope of

Rule 1.7(a)(2), Plaintiff appears to assert that  she is a third person with some sort relationship

with the Attorney General's office.  In support of that, she reminds the court that she asserts that

she reported elder abuse, allegedly being committed on the residents at the veterans' home.

However, making such a report does not create any sort of a confidential attorney client

relationship.  There simply is no conflict.

Lacking a true conflict of interest to argue, she next proceeds to slander the undersigned

by asserting that he has a personal interest in obstructing justice and has breached his duty as a

Deputy Attorney General.  Again, there are no facts that support this assertion, merely the

Plaintiff making the allegation.  A review of the docket will show that the undersigned has

properly performed his duties, and has, in the spirit of cooperation, drafted and filed the Report

of Rule 26 (f) planning meeting,(ECF 24), waived formal service of multiple Defendants (ECF

13), and consented to Plaintiffs' motion to file a second amended complaint (ECF 31). In response to this civility, Counsel is subjected to allegations of obstruction of justice, and criminal behavior.

Plaintiff has not established any basis for disqualification, and her motion should be denied.

Respectfully submitted,

JOSH SHAPIRA
Attorney General

By:     /s/MICHAEL E. KENNEDY
        MICHAEL E. KENNEDY
        Deputy Attorney General
        Attorney I.D. 52780

Office of Attorney General                    KENNETH L. JOEL
564 Forbes Avenue, Manor Complex              Chief Deputy Attorney General
Pittsburgh, PA 15219                          Chief, Litigation Section

Date: October 19, 2017                        *Counsel for Defendants*

## CERTIFICATEOF SERVICE

I certify that a true and correct copy of this response to motion was served upon the Plaintiff on October 19, 2017, by first class US mail to her record address:

3342 west 12th street, Erie PA  16505.

Attorneys for Defendants,
/s/*Michael E Kennedy*
Michael E Kennedy
Deputy Attorney General
PA ID 52780