IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY E. LEWEN | : |
| | : Civil Action No. 1:17-cv-148-SPB |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Magistrate Judge Susan Paradise |
| PENNSYLVANIA SOLDIERS' AND | : Baxter |
| SAILORS' HOME (PSSH), BARBARA | : |
| RAYMOND, PENNSYLVANIA | : |
| DEPARTMENT OF MILITARY AND | : |
| VETERANS AFFAIRS, BRIGADIER | : |
| GENERAL ANTHONY CARRELLI, | : |
| PENNSYLVANIA STATE CIVIL SERVICE | : |
| COMMISSION, CHAIRMAN BRYAN R. | : |
| LENTZ, COMMISSSIONER ODELFA | : |
| SMITH PRESTON AND COMMISSIONER | : |
| GREGORY M. LANE, | : |
| PENNSYLVANIA DEPARTMENT OF | : |
| LABOR AND INDUSTRY, | : |
| UNEMPLOYMENT COMPENSATION | |
| BOARD OF REVIEW (UCBR0 | |
| KATHY MANDERINO, SECRETARY, | |
| PENNSYLVANIA BUREAU OF | |
| PROFESSIONAL AND OCCUPATIONAL | |
| AFFAIRS (BPOA) | |
| PENNSYLVANIA STATE BOARD OF | |
| NURSING (BON0 | |
| SUZANN HENDRICKS, COMMITTEE | |
| MEMBER, | |
| LINDA A. KERNS, COMMITTEE | |
| MEMBER, | |
| SHERRI LUCHS, COMMITTEE MEMBER | |
| PENNSYLVANIA DEPARTMENT OF | |
| STATE/OFFICE OF HEARING | |
| EXAMINERS, and | |
| CHRISTOPHER K MCNALLY, HEARING | |
| EXAMINER, | |

Defendans

**BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR PRELIMINARY**

And now comes the Defendants, who file the within Brief in Support of Response to Motion for Injunction, and set forth as follows:

## I.     BACKGROUND

This case arises from Plaintiff's termination from her employment with Defendant, The Pennsylvania Soldiers and Sailors Home (PASSH), and her efforts to contest that termination through the civil service procedures available to her.  Plaintiffs' Second Amended Complaint (SAC) (ECF 31) contains the operative factual assertions.

Plaintiff alleges that she was a civil servant, employed as a licensed practical nurse at PASSH.  PASSH is identified as on one of six long term care facilities operated by the Department of Veterans Affairs.  *Id.* She alleges that on March 2, 2016 she was terminated in retaliation for her reporting of elder neglect and quality of care issues at the veterans' home to the Pennsylvania Attorney General and the Pennsylvania Department of Health.  She asserts that the stated reasons for her termination, allegations of workplace violence, are pretextual. (*Id.* Generally).  She alleges that she had a civil service appeal hearing, and an unemployment compensation appeal hearing after her termination, and identifies certain witnesses who testified at those proceedings.  (*Id*. ¶s 27, 29 and 31) She alleges she was terminated as retaliation for engaging in protected speech and that Pennsylvania State Civil Service Commission (CSC) denied her due process in her efforts to overturn the termination. The specific claims were identified as:

**Claim One**- Denial of Freedom of Speech in violation of the First Amendment of the US Constitution against all Defendants.

**Claim Two**- Denial of Due Process and Equal Protection of the law in violation of the Fourteenth Amendment of the US Constitution against all Defendants.

**Claim Three**- Retaliation in violation of the Occupational Safety and Health Act of 1970 (OSH Act).  Against all Defendants

**Claim Four**- Whistleblower Retaliation in Violation of the Pennsylvania Whistleblower Law, 43 Pa.C.S. §§ 1421-1428, the Older Adults Protective Services Act 35 P.S. §§ 10225.302, 006 Pa. Code §§15.22.  Against all Defendants.

**Claim Five**- Defamation of Character: Libel, Slander in violation of 42 PA.C.S.A §§ 8341-8345. Against all Defendants for publishing false defamatory statements in public records up to and including publishing a statement calling the Plaintiff a "threat to public safety"

**Claim Six**- Infliction of Mental Anguish and Humiliation.  Against all Defendants for exercising such undue hostility and administrative bullying under color of state law as to cause the Plaintiff to suffer a complete psychotic breakdown.

**Claim Seven**- Wrongful Termination.  Against Defendants PASSH, Barbara Raymond, PADMVA, Anthony Carrelli, PACSC, Bryan R. Lentz, Odelfa Smith Preston, Gregory Lane

**Claim Eight**- Meritless Denial of Unemployment Compensation.  Against Defendants PASSH, Barbara Raymond, PADMVA, Anthony Carrelli, Pennsylvania department of Laborand Industry Unemployment Compensation Board of Review and Kathy Manderino

**Claim Nine**- Disability Discrimination and Failure to Accommodate a Disability. Against all Defendants
(ECF 31, ¶¶'s 44-52)

Plaintiff's motion for injunctive relief is directed specifically at Defendants, The Pennsylvania Bureau of Professional and Occupational Affairs, (BPOA) and the Pennsylvania

Board of Nursing. (BON).  The complaint contains many generalized assertions against "all defendants". However, the specific acts of alleged misconduct of the BPOA and the BON, as set forth in the SAC are as follows:

38.     Defendants, BPOA and BON…then assisted with whistleblower retaliation against the Plaintiff at the request of Defendant DMVA by seizing and temporarily suspending the Plaintiffs nursing license and publishing that the Plaintiff was a "threat to public safety"

40.     Defendants PA BPOA and PA BON then further violated the Plaintiff's legal rights by not reinstating the Plaintiff's temporarily suspended nursing license within 180 days as required by Pennsylvania Law. (ECF 31, ¶¶'s 38, 40)

## STANDARD FOR INJUNCTIVE RELIEF

Recently, this Court addressed the high bar set for a party seeking injunctive relief: Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993); see also *Hoxworth v. Blinder, Robinson & Company. Inc.*, 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. *Fink v. Supreme Court of Pennsylvania*, 646 F. Supp. 569, 570 (M.D. Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such

relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) quoting *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65. *Scutella v. Cousins*, No. CV 15-253, 2016 WL 7192690, at *1 (W.D. Pa. Oct. 24, 2016), report and recommendation adopted, No. 1:15-CV-00253-BR-SPB, 2016 WL 7187892 (W.D. Pa. Dec. 12, 2016)

## II.   ARGUMENT

### A.  THE PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS OF HER CLAIM FOR NUMEROUS REASONS

#### 1.  The BPOA and the BON are immune from all federal claims pursuant to the 11TH Amendment

The Pennsylvania Board of Professional Affairs and the Pennsylvania Board of Nursing are agencies of the Commonwealth of Pennsylvania, and accordingly, are immune from all federal claims.

The Eleventh Amendment to the United States Constitution precludes lawsuits against a state in federal court, regardless of the type of relief sought. *Kentucky v. Graham*, 473 U.S. 159, 165-67, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Pennhurst State School & Hospital v. Haldeman*, 465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

It has long been held that the Eleventh Amendment likewise bars a citizen from bringing suit against his or her own state in federal court. *Pennhurst*, 465 U.S. at 98 (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L.Ed 842 (1890).

A state's Eleventh Amendment immunity can be lost only by Congressional abrogation or by waiver and consent. Although the Pennsylvania General Assembly has waived the Commonwealth's immunity under certain narrow exceptions in 42 Pa. C.S. §8522, it has expressly refrained from waiving its immunity in federal courts.  42 Pa. C.S. §8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); see also Pa. Const. Art. 1 § 11; 1 Pa. C.S. § 2310; *Lavia v. Department of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000).

Plaintiff cannot succeed in any of her federal claims against these two defendants.

### 2.     *Younger* Abstention Bars Plaintiff's Complaint

*Younger* "[a]bstention is appropriate when: (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges."  *Mir v. Behnke, et al.*, No. 1:15-cv-2233 (June 15, 2016) (J. Jones) (citing *Zahl v. Harper*, 282 F.3d 204, 209 (3d Cir. 2002); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423,432 (1982)). "Federal courts should not abstain if the plaintiff establishes that '(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted.'"  *Id.* (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989); *Middlesex County Ethics Comm.*, 457 U.S. at 435).

It is well-settled that, "[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign." *O'Neill v. City of Philadelphia*, 32 F.3d 785, 790 (3d Cir. 1994) (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 369, 109 S. Ct. 2506, 2519, 105 L.Ed.2d 298 (1989)).  Thus, "a necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court." *Id. (quoting Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975)). Importantly, the Third Circuit has definitively ruled that, "state proceedings remain 'pending,' within the meaning of *Younger* abstention, in cases…where a coercive administrative proceeding has been initiated by the State in a state forum, where adequate state-court judicial review of the administrative determination is available to the federal claimants, and where the claimants have chosen not to pursue their state-court judicial remedies, but have instead sought to invalidate the State's judgment by filing a federal action."  *O'Neill*, 32 F.3d at 791; *see e.g., Thompson v. Dixon,* 2005 WL 1773980, at *2 (E.D. Pa. July 26, 2005) (dismissing case under *Younger*, holding that, "Plaintiff elected to forego state-court judicial review of the Commission's ruling and, rather, file the instant matter in federal district court. Accordingly, federal court intervention is not permitted since state appellate review of the administrative determination has not been exhausted.") "The second prong of the *Middlesex* test is whether the proceedings at issue implicate an important state interest.  This factor goes to the very core of the raison d'etre of *Younger* abstention inasmuch as the Supreme Court's holding in *Younger* rested primarily on considerations of 'comity,' a concept which encompasses "a proper respect for state functions." *O'Neill*, 32 F.3d at 791-92.  Accordingly, "when [courts] inquire

into the substantiality of the State's interest in its proceedings [courts] do not look narrowly to its interest in the *outcome* of the particular case—which could arguably be offset by a substantial federal interest in the opposite outcome. Rather, what we look to is the importance of the generic proceedings to the State." *Id.*

The third requirement of *Younger* abstention "is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." *See Mir,* No. 1:15-cv-2233, p. 10 (citing *O'Neill*, 32 F.3d at 792). "The Supreme Court has held that this third element is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." *O'Neill*, 32 F.3d at 792 (citing *Dayton Christian Schools,* 477 U.S. at 629, 106 S. Ct. at 2723; *Middlesex,* 457 U.S. at 436, 102 S. Ct. at 2523). Moreover, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. at 15, 107 S. Ct. at 1528).

Applying this law, then, makes clear that this Court should abstain from this matter. ***First*,** an administrative proceeding is currently pending and the focus of that matter will be whether Plaintiff's nursing license will or will not be suspended or revoked. Plaintiff has admitted to the ongoing nature of the proceedings, even going so far as to reference the hearing set for November 20, 2017 on the Order to show Cause. (see paragraph 10 of the "Concise Statement of Material Facts" section of Plaintiffs memorandum in support of her motion)

Plaintiff either misunderstands or misrepresents the status of her license when she presumes that the proceedings against her are concluded, and she is somehow entitled to an expungement of the history of the proceedings. Defendants attach the affidavit of Attorney T'reses Evancho (Exhibit A) to advise the court of the actual status of the proceedings related to Plaintiff's license. In summary, the exhibit advises that Plaintiff's license was first suspended, on a temporary basis, as a result of the disturbing and threatening nature of emails Plaintiff directed to the attorney representing the DMVA in the post termination proceedings (civil service appeal and UC proceedings) The petition filed to initiate the immediate temporary suspension at 17-51-519 is attached as exhibit B. A hearing occurred in relation to the immediate temporary suspension on 2/24/2017. A transcript of the hearing is attached as exhibit C. The DMVA attorney testified at the proceeding, advising the hearing examiner of the dark, threatening and delusional nature of the emails sent to him by the Plaintiff. (Exhibit C, pages 16 to 41) Immediately after the hearing the Hearing Examiner issued the Order to Continue Temporary Suspension and Close Case, again at 17-51-519, attached as Exhibit D. Importantly, the temporary suspension, by law, is limited to 180 days. At its conclusion, an applicant may petition to have her license returned, which Plaintiff did. Her license was then reinstated. See Exhibits E and F, her petition to reinstate, and the order reinstating.

However, a parallel proceeding was undertaken and an order was issued upon the Plaintiff to show cause why her license should not be suspended or revoked. Those proceedings, filed at 17-51-880, were initiated by the Notice and Order to Plaintiff of August 8, 2017 (Exhibit G) This proceeding has the benefit of the results of a mental and physical examination of the Plaintiff of May 2, 2017. The results of that examination (Exhibit H, filed under seal) indicate the serious issues the Defendants are compelled to address to maintain the safety of the public.

Plaintiff has filed her response to this rule to show cause, (ex I) and again has a hearing on this Order to Show Cause scheduled for November 20, 2017. Accordingly, it is clear on the record, that there is an ongoing proceeding relating to the Plaintiffs license. If Plaintiff loses her license in that proceeding, she will have the ability to seek review of that decision by Commonwealth Court.

**Second**, there is no question that the regulation of medical care is of significant local concerns. Our Courts have consistently held that the provision of safe medical care is of overriding importance. *Williams v. The Government of the Virgin Islands*, 2008 WL 5142181 (D. Virgin Islands 2008), Affd. 360 Fed.Appx. 297, (C.A.3rd 2010), Cert. Denied. 1305 S.Ct. 3445, 177 L.Ed.2d 324(US 2010), See also *American Inst. of Foot Med.,* 807 F.Supp. 1170, 1173 (D.N.J. 1982) where the District Court of New Jersey stated that "[i]t is difficult to imagine a state interest more important than the protection of citizens against the harms of unethical or incompetent practitioners of the healing arts." *Id.,* (citing *Phillips v. Virginia Bd. of Medicine,* 749 F.Supp. 715, 722-23 (E.D.Va.1990).).

**Third**, on appeal, Plaintiff is certainly able to raise any constitutional questions available to her. *See Harbaugh v. PLRB*, 528 A.2d 1024, 1026 (Pa. Cmwlth. 1987) (further citations omitted) (scope of review of appeal from administrative agency includes determining whether there was any constitutional violation); 2 Pa.C.S. § 704.

All of the elements of *Younger* are met in this scenario. The Plaintiff is not likely to prevail, and, at this stage, the Court should deny Plaintiff injunctive relief.

**3. These Defendants are immune from State Tort Claims of Defamation of Character and Libel and Slander pursuant to sovereign immunity.**

To the extent Plaintiffs motion for injunctive relief requests "an expungement" and/or otherwise relates to claims that the BPOA and/or BON defamed, libeled or slandered her, such claims cannot find support, as Defendants enjoy immunity from such claims. In 1978, the Pennsylvania General Assembly passed the Act of September 28, 1978, P.L. 788, No. 152, 1 Pa.C.S. §2310, a comprehensive tort claims act which provides sovereign immunity for the Commonwealth, its officials, and its employees. There are nine (9) specifically delineated exceptions to this sovereign immunity. They are: (1) vehicle liability; (2) medical/professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoid and vaccines. 42 Pa.C.S. §8522(b); *Story v. Mechling*, 412 F.Supp.2d 509, 518 (W.D.Pa. 2006) affirmed 214 Fed.Appx. 161 (3rd Cir. 2007)(2007 WL 127974). "These exceptions must be strictly construed and narrowly tailored." *Brown v. Blaine*, 833 A.2d 1166, 1173 (Pa.Cmwlth. 2003).

Although it is possible for a state employee to lose this immunity, depending upon the factual scenario, the limited allegations of the complaint[1] do not support the the individual Defendants relinquishing this defense.

Essentially, a state actor must be acting outside the course and scope of his employment for a plaintiff to be able to side step sovereign immunity. Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by

---

[1] Defendants do not believe Plaintiff has pled any scenario whereby the employees of the BPOA or BON have acted outside the scope of their authority.

a purpose to serve the employer…*Natt v. Labar*, 117 Pa.Cmwlth. 207, 543 A.2d 223 (Pa.Commw.Ct.1988)

There are no allegations in the SAC, or the Motion for Preliminary Injunction that any individual Defendant was not acting in the scope of employment.  As such they are entitled to a dismissal of all state tort claims asserted based on sovereign immunity.  Equally the institutional Defendants are clothed with that immunity.  As they are immune from these claims, the Plaintiff, once again cannot prevail for injunction purposes.

## B.  THE PLAINTIFF WILL NOT SUFFER IRREPERABLE INJURY IF THE INJUCTION IS DENIED

In the unlikely event that the Plaintiff would prevail in this action, she would be entitled to a recovery of her lost wages.  Her supposed irreparable harm is thus capable of being addressed through traditional damage calculations.  The Third Circuit has consistently held that preliminary injunctive relief is not available where money damages are adequate to compensate the injured party. *See Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102–03 (3d Cir.1988)

The availability of adequate monetary damages belies a claim of irreparable injury.

## C.  GRANTING RELIEF WILL CAUSE MORE HARM TO THE DEFENDANTS

These two Defendants, the Pennsylvania Bureau of Professional and Occupational Affairs and the Pennsylvania State Board of Nursing will be harmed should the court intercede and order injunctive relief of any fashion.

In general, courts give "substantial deference to an agency's interpretation of its own regulations." *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994)   This well settled legal principle is in place to allow the entity's that are established to oversee certain functions, and have developed the expertise to do so, to operate without constant fear of being second guessed by the courts.  Plaintiff asks that this Court interfere with the processes and determinations of the State Agency's in place to assure the public that medical treatment providers within the Commonwealth meet a certain minimum level of competence.  It is hard to imagine a more important regulatory activity.  Nothing presented by the Plaintiff has provided this court with any legitimate reason to question the competence, fairness and/or decision making capabilities of the BPOA or the BON.  Indeed, even the plaintiffs own assertions would give rise to caution on the part of someone responsible for her licensing:

- Plaintiff has been diagnosed since 1986 with "gross stress Reaction" the DSM precursor diagnosis to "Post Traumatic Stress Disorder" (EX E, para 3)
- Plaintiffs stress disorder was triggered and Plaintiff suffered a complete psychotic breakdown…(Id, para 5)
- Plaintiff has been subjected to a triggering of her Post Traumatic Stress Disorder with complete psychotic breakdown (ECF 31, para 53)

Any steps by the court to intercede in the activities of the professional licensing agencies would harm their capabilities of fulfilling their mandate. Both the agencies and the public would be worse off

### D. THE PUBLIC INTERESTS IS IN FAVOR OF LETTING THE PROFESSIONAL LICENSING AGENCIES DO THEIR WORK IN AN UNIMPEDED FASHION. AN INJUNCTION WOULD INTERFERE WITH THAT PROCESS

Defendants aver that being allowed to properly regulate health care providers is of substantial importance to the public. They reassert the argument set forth immediately above and request that the court deny the injunction and allow them to proceed with their responsibilities.

### III. CONCLUSION

WHEREFORE, Defendants respectfully requests that the instant motion for injunctive relief be denied.

Respectfully submitted,

JOSH SHAPIRA
Attorney General

|  |  |
|---|---|
|  | By:   /s/MICHAEL E. KENNEDY |
|  | MICHAEL E. KENNEDY |
|  | Deputy Attorney General |
|  | Attorney I.D. 52780 |
| Office of Attorney General | KENNETH L. JOEL |
| 564 Forbes Avenue, Manor Complex | Chief Deputy Attorney General |
| Pittsburgh, PA 15219 | Chief, Litigation Section |
| Date: November 17, 2017 | *Counsel for Defendants* |

Respectfully submitted,

Attorneys for Defendants,

/s/*Michael E Kennedy*
Michael E Kennedy
Deputy Attorney General
PA ID 52780
OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

## CERTIFICATEOF SERVICE

I certify that a true and correct copy of this response to motion, and the brief in support were served upon the Plaintiff on November 17, 2017, by first class US mail to her record address:

3342 west 12th street, Erie PA  16505.

Further Plaintiff had indicated to the undersigned that she was intending to sign up for pacer service to receive all documents via ECF

Attorneys for Defendants,
/s/*Michael E Kennedy*
Michael E Kennedy
Deputy Attorney General
PA ID 52780