IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY E. LEWEN | : |
| | : Civil Action No. 1:17-cv-148-BR |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Magistrate Judge Susan Paradise |
| PENNSYLVANIA SOLDIERS' AND | : Baxter |
| SAILORS' HOME (PSSH), BARBARA | : |
| RAYMOND, PENNSYLVANIA | : |
| DEPARTMENT OF MILITARY AND | : |
| VETERANS AFFAIRS, BRIGADIER | : |
| GENERAL ANTHONY CARRELLI, | : |
| PENNSYLVANIA STATE CIVIL SERVICE | : |
| COMMISSION, CHAIRMAN BRYAN R. | : |
| LENTZ, COMMISSSIONER ODELFA | : |
| SMITH PRESTON AND COMMISSIONER | : |
| GREGORY M. LANE, | : |
| | : |
| Defendant. | : |

## AFFIDAVIT

And now comes the Affiant, T'rese Evancho, who being duly sworn, set forth the following as true and correct, under penalty of perjury:

1. I am an attorney, employed by the Commonwealth of Pennsylvania Office of General Counsel and assigned to prosecute on behalf of the Department of State, Bureau of Professional and Occupational Affairs, before the State Board of Nursing (Board).

2. I am the prosecuting attorney assigned to the administrative cases before the Board involving Nancy Cook Lewen (Defendant), a licensed practical nurse subject to the Board's laws and regulations.

3. The Commonwealth received information that Defendant had been terminated from Commonwealth employment at Soldiers and Sailors Home and that Defendant had

bombarded the Department of Military and Veterans Affairs' (DMVA) attorney, who handled the legal cases related to Defendant's termination and unemployment compensation claim, with hundreds of emails. The emails demonstrated severe mental instability and allude to prior psychiatric treatment.

4. The disturbing and somewhat threatening content of the emails sent to the DMVA attorney by Defendant warranted immediate action against Defendant's practical nurse license.

5. As such, on January 31, 2017, the Commonwealth petitioned the Board's Probable Cause Screening Committee to order an Immediate Temporary Suspension of Defendant's license pursuant to Section 17.1(a) of the Practical Nurse Law, 63 P.S. § 667.1(a), because numerous emails sent to the DMVA attorney demonstrate that Defendant's continued practice as a practical nurse within the Commonwealth of Pennsylvania makes Defendant an immediate and clear danger to the public health and safety.

6. On January 31, 2017, the Board's Probable Cause Screening Committee issued an Order of Temporary Suspension and Notice of Hearing, which temporarily suspended Defendant's practical nurse license and ordered that a preliminary hearing be scheduled and conducted within thirty (30) days from the date of issuance of the Order to determine whether there is a *prima facie* case to support the temporary suspension of Defendant's license.

7. On January 31, 2017, Defendant was personally served and in response, on February 10, 2017, filed an answer and on February 16, 2017, filed an

Acknowledgment Of Notice of Preliminary Hearing, which indicated that she could not afford to attend the hearing, but was taking the matter seriously.

8. The preliminary hearing was held on February 24, 2017 before Hearing Examiner Christopher K. McNally. Defendant did not appear at the hearing.

9. On February 24, 2017, Hearing Examiner McNally issued an Order to Continue Temporary Suspension and Close Case, which ordered that the immediate temporary suspension of Defendant's license to practice as a practical nurse, as ordered by the Board's Probable Cause Screening Committee on January 31, 2017, shall continue until otherwise ordered by the Board, but in no event longer than 180 days from January 31, 2017, the date the Notice and Order of Temporary Suspension and the Petition for Immediate Suspension were served upon Defendant.[1]

10. On August 7, 2017, Defendant petitioned for the reinstatement of her practical nurse license.

11. On September 15, 2017, the Board issued a Final Order Reinstating License to Unrestricted Status, which lifted the 180-day suspension of Defendant's license and reinstated her practical nurse license to unrestricted status.

12. Meanwhile, the Commonwealth initiated additional formal action against Defendant's license by filing an Order to Show Cause against Defendant on August 8, 2017. Notice was given to Defendant that such additional action may have been

---

[1] The February 24, 2017 Order to Continue Temporary Suspension and Close Case twice misstates the date of the Board's Order in that it contains the date of January 31, 2016 instead of January 31, 2017. However, context from the February 24, 2017 Order makes clear that the Hearing Examiner is referring to the January 31, 2017 Order.

taken by the Commonwealth in the January 31, 2017 Order of Temporary Suspension and Notice of Hearing.

13. The August 8, 2017 Order to Show Cause alleges that Defendant is in violation of Section 16(a)(6) of the Practical Nurse Law, 63 P.S. § 666(a)(6), because she is unable to safely practice practical nursing at this time in the absence of ongoing psychiatric treatment for her major mental illness. The allegations in the Order to Show Cause arise from a January 31, 2017 Order Compelling Mental and Physical Examination issued by the Board's Probable Cause Screening Committee, which ordered Defendant to submit to a mental and physical examination. Defendant submitted to the examination on April 7, 2017 and was diagnosed as suffering from possible diagnoses of bipolar disorder mixed episode with psychosis, bipolar disorder, unspecified type with psychosis, or psychotic disorder, not otherwise specified.

14. Defendant was served with the Order to Show Cause and in response, on August 28, 2017, filed an Answer.

15. Defendant was offered an opportunity to resolve this matter with a settlement agreement in lieu of attending a hearing.

16. The hearing on the matter of Defendant's ability to safely practice nursing is scheduled for November 20, 2017 at 9:30a.m.

I swear the above to be true and correct to the best of my knowledge information or belief. I make these assertions subject to the penalties of 18 Pa.C.S. §§ 4904 relating to unsworn falsifications to authorities.

*T'rese M. Evancho 11/9/2017*

T'rese Evancho, Esq.          date

*Kristy W. Ogden*
*11-9-17*

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Kristy Lynn Ogden, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires April 15, 2018