IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY E. LEWEN | : |
| | : Civil Action No. 1:17-cv-148-BR |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Magistrate Judge Susan Paradise |
| PENNSYLVANIA SOLDIERS' AND | : Baxter |
| SAILORS' HOME (PSSH), et al | : |
| | : |
| Defendants. | : |

# MOTION TO STRIKE PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT AS PREMATURE.

And now comes the Defendants, who file the within Motion to Strike Plaintiff's Motion for Partial Summary Judgment as Premature, and in support thereof set forth as follows:

1. This case arises from Plaintiff's termination from her employment with Defendant, The Pennsylvania Soldiers and Sailors Home (PASSH), and her efforts to contest that termination through the civil service procedures available to her. Plaintiffs' Second Amended Complaint (SAC) (ECF 31) contains the operative factual assertions.

2. Plaintiffs' original complaint, filed on June 8, 2017, alleged, essentially, that the termination from PASSH was in retaliation for her engaging in protected speech and that

    Pennsylvania State Civil Service Commission (CSC) denied her due process in her efforts to overturn the termination.

3. Defendants filed an Answer and Affirmative Defenses to the Complaint on August 15, 2017 (ECF 18)

4. On August 28, 2017, Plaintiff filed an Answer to the Affirmative Defenses and a First Amended Complaint.  Both of those were docketed at ECF 22.

5. Plaintiff was then granted leave to file a Second Amended Complaint,(SAC) and the SAC was docketed on October 11, 2017 at ECF 31

6. Plaintiff alleges that she was a civil servant, employed as a licensed practical nurse at PASSH.  PASSH is identified as on one of six long term care facilities operated by the Department of Veterans Affairs.  She alleges that on March 2, 2016 she was terminated in retaliation for her reporting of elder neglect and quality of care issues at the veterans' home to the Pennsylvania Attorney General and the Pennsylvania Department of Health. She asserts that the stated reasons for her termination, allegations of workplace violence, are pretextual. She alleges that she had a civil service appeal hearing, and an unemployment compensation appeal hearing after her termination, and identifies certain witnesses who testified at those proceedings.  She alleges she was terminated as retaliation for engaging in protected speech and that Pennsylvania State Civil Service Commission (CSC) denied her due process in her efforts to overturn the termination.

7. The specific claims in the Second Amended Complaint were identified as:

    a. **Claim One**- Denial of Freedom of Speech in violation of the First Amendment of the US Constitution against all Defendants.

b. **Claim Two**- Denial of Due Process and Equal Protection of the law in violation of the Fourteenth Amendment of the US Constitution against all Defendants.

c. **Claim Three**- Retaliation in violation of the Occupational Safety and Health Act of 1970 (OSH Act).  Against all Defendants

d. **Claim Four**- Whistleblower Retaliation in Violation of the Pennsylvania Whistleblower Law, 43 Pa.C.S. §§ 1421-1428, the Older Adults Protective Services Act 35 P.S. §§ 10225.302, 006 Pa. Code §§15.22.  Against all Defendants.

e. **Claim Five**- Defamation of Character: Libel, Slander in violation of 42 PA.C.S.A §§ 8341-8345. Against all Defendants for publishing false defamatory statements in public records up to and including publishing a statement calling the Plaintiff a "threat to public safety"

f. **Claim Six**- Infliction of Mental Anguish and Humiliation.  Against all Defendants for exercising such undue hostility and administrative bullying under color of state law as to cause the Plaintiff to suffer a complete psychotic breakdown.

g. **Claim Seven**- Wrongful Termination.  Against Defendants PASSH, Barbara Raymond, PADMVA, Anthony Carrelli, PACSC, Bryan R. Lentz, Odelfa Smith Preston, Gregory Lane

h. **Claim Eight**- Meritless Denial of Unemployment Compensation.  Against Defendants PASSH, Barbara Raymond, PADMVA, Anthony Carrelli, Pennsylvania department of Labor and Industry Unemployment Compensation Board of Review and Kathy Manderino

i. **Claim Nine**- Disability Discrimination and Failure to Accommodate a Disability.  Against all Defendants  (ECF 31, ¶¶'s 44-52)

8. Plaintiff titles her Motion as one for ""Partial" summary judgment. However, a review of the Motion indicates she is asking for judgment on all of the above-referenced claims. (However Plaintiff appears to withdraw Claim Three)

9. Plaintiffs Motion is premature, in the following ways:

    a. Defendants had indicated to the court, at a case management conference on September 8, 2017, of their intent to file a motion to dismiss the entire case. Since that case management conference, Plaintiff has been granted leave to file a second amended complaint, and Defendants were granted an extension to December 15, 2017, to file their responsive pleading. (ECF 38) Accordingly, while the Defendants are engaged in the preparation of their response to the second amended complaint, they are now being asked to respond to a motion for summary judgement. Defendants should not be burdened with responding to a summary judgment motion unless and until this Court determines that the case should proceed beyond a motion to dismiss. Requiring such a response is both a burden to the taxpayers, who could be funding duplicative and/or unnecessary work, but more importantly, a burden to the Court, potentially having to review a motion and response under Rule 56 parameters, even prior to a review under Rule 12 parameters.

    b. The parties have not engaged in any discovery. Should the Court rule in Plaintiffs favor on the upcoming Rule 12 motion. The parties will be able to engage in discovery. That discovery will allow the Defendants to investigate and review the numerous factual assertion made by the Plaintiff in her motion, and supporting exhibits. This discovery would allow the Defendants to properly and knowledgeably respond to the factual assertions of the MSJ, as contemplated by Rule 56(d).

c.  Local practice is for the parties to file for summary judgment after the completion of discovery.  Although admittedly, Rule 56 does not limit how soon a party may file for summary judgment, it does set a deadline, 30 days after the close of discovery.  This deadline makes sense, allowing a proper exploration of the facts before the filing for summary judgment.  Indeed, it is hard to imagine how a party can make assertions that there is no genuine dispute on material facts unless and until that party has explored the opposing parties reasons, intentions and actions.

WHEREFORE, Defendants request this court strike Plaintiffs Motion for Summary Judgment as untimely.

Respectfully submitted,

Attorneys for Defendants,

 JOSH SHAPIRO
Attorney General

/s/*Michael E Kennedy*
Michael E Kennedy
 Deputy Attorney General
PA ID 52780

KENNETH JOEL
Chief Deputy Attorney General
Chief, Litigation Section
OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion and the proposed order were served on Plaintiff via ECF filing and by first class US mail to her address of record, 3342 W. 12th st, Erie PA  16505 on November 17, 2017

*/s/ Michael E. Kennedy*