IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NANCY E. LEWEN                                 :
                                               :  Civil Action No. 1:17-cv-148-SPB
                        Plaintiff,             :
                                               :
        v.                                     :
                                               :  Magistrate Judge Susan Paradise
PENNSYLVANIA SOLDIERS' AND                     :  Baxter
SAILORS' HOME (PSSH), BARBARA                  :
RAYMOND, PENNSYLVANIA                          :
DEPARTMENT OF MILITARY AND                     :
VETERANS AFFAIRS, BRIGADIER                    :
GENERAL ANTHONY CARRELLI,                      :
PENNSYLVANIA STATE CIVIL SERVICE               :
COMMISSION, CHAIRMAN BRYAN R.                  :
LENTZ, COMMISSSIONER ODELFA                    :
SMITH PRESTON AND COMMISSIONER                 :
GREGORY M. LANE,                               :
PENNSYLVANIA DEPARTMENT OF                     :
LABOR AND INDUSTRY,                            :
UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW (UCBR)
KATHY MANDERINO, SECRETARY,
PENNSYLVANIA BUREAU OF
PROFESSIONAL AND OCCUPATIONAL
AFFAIRS (BPOA)
PENNSYLVANIA STATE BOARD OF
NURSING (BON)
SUZANN HENDRICKS, COMMITTEE
MEMBER,
LINDA A. KERNS, COMMITTEE
MEMBER,
SHERRI LUCHS, COMMITTEE MEMBER
PENNSYLVANIA DEPARTMENT OF
STATE/OFFICE OF HEARING
EXAMINERS, and
CHRISTOPHER K MCNALLY, HEARING
EXAMINER,

                        Defendants

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

And now comes the Defendants, who file the within Brief in Support of Motion to Dismiss, and set forth as follows:

## I.     <u>BACKGROUND</u>

This case arises from Plaintiff's termination from her employment with Defendant, The Pennsylvania Soldiers and Sailors Home (PASSH), and her efforts to contest that termination through the civil service procedures available to her.  Plaintiffs' Second Amended Complaint (SAC) (ECF 31) contains the operative factual assertions.

Plaintiff alleges that she was a civil servant, employed as a licensed practical nurse at PASSH.  PASSH is identified as on one of six long term care facilities operated by the Department of Veterans Affairs.  *Id.* She alleges that on March 2, 2016 she was terminated in retaliation for her reporting of elder neglect and quality of care issues at the veterans' home to the Pennsylvania Attorney General and the Pennsylvania Department of Health.  She asserts that the stated reasons for her termination, allegations of workplace violence, are pretextual. (*Id.* Generally).  She alleges that she had a civil service appeal hearing, and an unemployment compensation appeal hearing after her termination, and identifies certain witnesses who testified at those proceedings.  (*Id.* ¶s 27, 29 and 31) She alleges she was terminated as retaliation for engaging in protected speech and that Pennsylvania State Civil Service Commission (CSC) denied her due process in her efforts to overturn the termination. The specific claims were identified as:

**Claim One**- Denial of Freedom of Speech in violation of the First Amendment of the US Constitution against all Defendants.

**Claim Two**- Denial of Due Process and Equal Protection of the law in violation of the Fourteenth Amendment of the US Constitution against all Defendants.

**Claim Three**- Retaliation in violation of the Occupational Safety and Health Act of 1970 (OSH Act).  Against all Defendants[1]

**Claim Four**- Whistleblower Retaliation in Violation of the Pennsylvania Whistleblower Law, 43 Pa.C.S. §§ 1421-1428, the Older Adults Protective Services Act 35 P.S. §§ 10225.302, 006 Pa. Code §§15.22.  Against all Defendants.

**Claim Five**- Defamation of Character: Libel, Slander in violation of 42 PA.C.S.A §§ 8341-8345. Against all Defendants for publishing false defamatory statements in public records up to and including publishing a statement calling the Plaintiff a "threat to public safety"

**Claim Six**- Infliction of Mental Anguish and Humiliation.  Against all Defendants for exercising such undue hostility and administrative bullying under color of state law as to cause the Plaintiff to suffer a complete psychotic breakdown.

**Claim Seven**- Wrongful Termination.  Against Defendants PASSH, Barbara Raymond, PADMVA, Anthony Carrelli, PACSC, Bryan R. Lentz, Odelfa Smith Preston, Gregory Lane

**Claim Eight**- Meritless Denial of Unemployment Compensation.  Against Defendants PASSH, Barbara Raymond, PADMVA, Anthony Carrelli, Pennsylvania department of Laborand Industry Unemployment Compensation Board of Review and Kathy Manderino

**Claim Nine**- Disability Discrimination and Failure to Accommodate a Disability. Against all Defendants

---

[1] Plaintiff has conceded in her Brief in support of her Motion for Partial Summary Judgment (ECF 43) that there is no private cause of action for such an OSHA violation. She has also not cited any law supportive of a private cause of action under the Older Adults Protective Services Act, instead "consolidating" those claims under her whistleblower claim see arguments at "C" and "D" of Plaintiffs Brief *Id*  Accordingly, these claims have been withdrawn and Defendants will not be addressing them

(SAC, ¶¶'s 44-52)

As far as what each Defendant is alleged to have done improperly, the SAC sets out, generally that PASSHE, DMVA, Raymond and Carrelli terminated her form her employment for inappropriate reasons.  The CSC and its members denied her due process and equal protection when she appealed her termination, and lost.  The UCBR and Manderino denied her due process and equal protection when she applied for unemployment compensation and lost.  The BPOA, BON and their individual members denied her due process and equal protection and slandered her when she proceeded through the hearing process to determine if she can maintain her nursing license.

Specifically she alleges:

"All Defendants are state government agencies and officials in the Commonwealth of Pennsylvania, and a 'person' subject to suit within the meaning of 42 U.S.C. Section 1983"  (Id ¶ 6)

Plaintiff brings this action resulting from retaliation and wrongful termination from the Pennsylvania Soldiers' and Sailors' Home on March 2, 2016. Plaintiff was wrongfully discharged from her position as a Licensed Practical Nurse in violation of her federal constitutional right to free speech. Plaintiff was then denied due process of law by the other state agency Defendants in their assistance to the Department of Military and veterans Affairs."(ID ¶ 9)


"The Mission Statement of DMVA, as it pertains to caring for US military veterans, is to "provide quality service to the Commonwealth's veterans and their families." In the annual Pennsylvania Department of Health (DOH) inspection in November 2015, PSSH was cited with eleven (11) deficiencies, including F-Tags 309 and 441, which are quality of care citations that can be considered by surveyors to be indicators of insufficient staffing levels. The PSSH Plan of Correction,

written by Defendant Barbara Raymond and approved by Defendant Anthony Carrelli, was to

discipline nurses without actually investigating and addressing root causes. Plaintiff was accused by

Defendants of the very serious allegation of "neglect of duty."" (Id ¶ 17)

"Defendant Barbara Raymond did not testify at the civil service appeal hearing. In her testimony

at the unemployment compensation hearing, Barbara Raymond denied that the termination was an act

of retaliation, and insisted that the termination was for the Plaintiff threatening the coworker with the

chicken noodle soup and Vick's Vapo Rub and writing the letter to the coworker's estranged wife." (ID ¶

26)

"The Pennsylvania State Civil Service Commission further denied the Plaintiff's Fourteenth

Amendment right to due process when they did not permit the Plaintiff to testify at her appeal hearing.

The Plaintiff lost her appeal. Final Adjudication was entered on December 8, 2016. Plaintiff requested

reconsideration and reversal of the decision, which was denied on January 11, 2017." (Id ¶ 34)

For the reasons that follow, Defendants move to dismiss all of Plaintiffs claims.

## I.    <u>STANDARD OF REVIEW</u>

### A.    STANDARD ON A MOTION TO DISMIS FOR RULE 12 (b)(1)

A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh

Amendment immunity bars federal jurisdiction. *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690,

694 n.2 (3d Cir. 1996), *citing Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100

(1984) (Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction).

### B.    STANDARD OF REVIEW UNDER 12 (b)(6)

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. See also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir.2010). Although the plausibility standard "does not impose a probability requirement," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." *Id*. The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*., at 679. *See also Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*See Connelly v. Lane Const. Corp*., No. 14-3792, 2016 WL 106159, at *3-4 (3d Cir. Jan. 11, 2016).

A complaint must "show" such an entitlement with its facts. *Iqbal*, 556 U.S. at 678-79. *See Connelly*, 2016 WL 106159, at *3-4; *Santiago v. Warminster Twp.,* 629 F. 3d 121, 130 (3d Cir. 2010); *Phillips v. County of Allegheny*, 515 F. 3d 224, 234-235 (3d Cir. 2008).

## II.   ARGUMENT

### A.  THE INSTITUTIONAL DEFENDANTS ARE IMMUNE FROM ALL CLAIMS PURSUANT TO THE 11TH AMENDMENT

Plaintiff has named in her original complaint caption, and arguably identified in her SAC, Defendants the Pennsylvania Soldiers and Sailors Home, the Department of Military and Veterans Affairs, the Pennsylvania State Civil Service Commission, the Pennsylvania Department of Labor and Industry Unemployment Compensation Board of Review, the Pennsylvania Bureau of Professional and Occupational Affairs, the Pennsylvania State Board of Nursing ,and the Pennsylvania Department of State/Office of Hearing Examiner  She has identified all of these institutional Defendants as "state government agencies" (SAC ¶ 6) All of these Defendants are indeed agencies of the Commonwealth of Pennsylvania, and accordingly, are immune from all federal claims.

The Eleventh Amendment to the United States Constitution precludes lawsuits against a state in federal court, regardless of the type of relief sought.  *Kentucky v. Graham*, 473 U.S. 159, 165-67, 105 S.Ct. 3099, 87 L.Ed. 2d 114 (1985); *Pennhurst State School & Hospital v. Haldeman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed. 2d 67 (1984).  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

It has long been held that the Eleventh Amendment likewise bars a citizen from bringing suit against his or her own state in federal court. *Pennhurst*, 465 U.S. at 98, citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L.Ed 842 (1890).

A state's Eleventh Amendment immunity can be lost only by Congressional abrogation or by waiver and consent. Although the Pennsylvania General Assembly has waived the Commonwealth's immunity under certain narrow exceptions in 42 Pa. C.S. §8522, it has expressly refrained from waiving its immunity in federal courts. 42 Pa. C.S. §8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); see also Pa. Const. Art. 1 § 11; 1 Pa. C.S. §2310; *Lavia v. Department of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000). It is well established that the Eleventh Amendment generally bars a civil rights suit in federal court that names the state as a defendant, even a claim seeking injunctive relief. *Laskaris v. Thornburgh*, 661 F.2d 23, 25–26 (3d Cir. 1981). While a state may consent to be sued in federal court, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), Pennsylvania has specifically withheld consent, 42 Pa. Cons. Stat. Ann. § 8521(b).

In a 1983 case specifically involving the Pennsylvania Civil Service Commission as a Defendant, the Third Circuit has further recognized the immunity offered to such state agencies:

The Eleventh Amendment bar extends to the agencies sued here, the Pennsylvania Department of Public Welfare and the State Civil Service Commission, because they perform the "executive and administrative work of the Commonwealth." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254–55 (3d Cir. 2010) (quoting 71 Pa. Cons. Stat. Ann. § 61). Accordingly, the District Court correctly concluded that the Commonwealth Defendants are immune from this suit.

*McGriff v. State Civil Serv. Comm'n,* 650 F. App'x 95, 97 (3d Cir. 2016), *cert. denied,* 137 S. Ct. 629, 196 L. Ed. 2d 533 (2017)

The fact that Plaintiff invokes Section 1983 in her SAC does not defeat the 11th amendment immunity. Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983, the federal law under which Atkin proceeds." *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). *Atkin v. Johnson*, 432 Fed.Appx. 47, 48 (3d Cir. 2011)

All federal claims against the named institutional Defendants should be dismissed

## B. THE INDIVIDUAL DEFENDANTS ARE IMMUNE FROM ALL OFFICIAL CAPACITY CLAIMS PURSUANT TO THE 11TH AMENDMENT

Although Defendants dispute whether Plaintiff has sufficiently pled any cognizable claims against the individually named defendants, should the court conclude the claims have been sufficiently pled the individual Defendants are still immune for any claims brought against them in their official capacity. An "official capacity" claim against a state employee is in essence, nothing more than a claim against the defendants employing agency. "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985). As such, it is no different from a suit against the State itself." See, *e.g., Kentucky v. Graham,* 473 U.S. 159, 165–166, 105 S.Ct. 3099,

3104–3105, 87 L.Ed.2d 114 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989)[2]

A Plaintiff may not circumvent the 11th Amendment protection provided to the state by styling a complaint against a state employee in his/her official capacity.  All causes of action against Barbara Raymond, Anthony Carrelli, Bryan Lentz, Odelfa Smith Preston, Gregory M. Lane, Kathy Manderino, Suzann Hendricks, Linda Kerns, Sherri Luchs and Christopher McNally in their official capacity should be dismissed.

### C.  THE SECOND AMENDED COMPLAINT DOES NOT ASSERT SUFFICIENT FACTS TO PURSUE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS OR THEIR AGENCY EMPLOYERS

Other than some conclusory language directed to Barbara Raymond, the SAC is nearly bereft of any factual assertions of an improper act by any of the individual Defendants.  Primarily, the claims against the individuals are lumped in with the claims against the state agency for which they worked. (SAC ¶ 37, 38 and 39)  Those allegations simply assert the legal conclusion being set forth by the Plaintiff, asserting the individual Defendants and their employer violated Plaintiffs rights.  There is no "meat on the bone" advising the individual defendants of when, how or why they violated any of the Plaintiff's rights.  They are sued, solely because they work for or with a state agency. Likewise, the claims against the agencies are equally lacking in factual allegations. Plaintiff merely makes conclusory allegations that are clearly insufficient under the

---

[2] *Will* further established that neither the state nor a person acting in "official capacity" are proper defendants pursuant to Section 1983 actions.

pleading requirements set forth by *Twombly* and *Iqbal*.  Defendants are entitled to have
the claims dismissed.

### D.  DEFENDANTS ARE  ENTITLED TO IMMUNITY FOR ALL STATE LAW CLAIMS BECAUSE OF SOVERIEGN IMMUNITY

Plaintiff's Second Amended Complaint contains several claims asserting tortious
actions by the various defendants. After the recitation of facts, the Plaintiff lays out the
following specific claims:

**Claim Five**- Defamation of Character: Libel, Slander in violation of 42 PA.C.S.A §§
8341-8345. Against all Defendants for publishing false defamatory statements in public records
up to and including publishing a statement calling the Plaintiff a "threat to public safety"

**Claim Six**- Infliction of Mental Anguish and Humiliation.  Against all Defendants for
exercising such undue hostility and administrative bullying under color of state law as to cause
the Plaintiff to suffer a complete psychotic breakdown.

**Claim Seven**- Wrongful Termination.  Against Defendants PASSH, Barbara Raymond,
PADMVA, Anthony Carrelli, PACSC, Bryan R. Lentz, Odelfa Smith Preston, Gregory Lane

**Claim Eight**- Meritless Denial of Unemployment Compensation.  Against Defendants
PASSH, Barbara Raymond, PADMVA, Anthony Carrelli, Pennsylvania department of Laborand
Industry Unemployment Compensation Board of Review and Kathy Manderino

**Claim Nine**- Disability Discrimination and Failure to Accommodate a Disability.
Against all Defendants[3]

(ECF 31, ¶¶'s 44-52)

---

[3] Plaintiff does not cite any federal statute in support of this assertion.  Nor does she indicate any disability, or how
she was discriminated against based on a disability.  To the extent the Court would determine that Claim Nine is a
claim under the Americans with Disability Act, Defendants reassert the earlier arguments that the SAC is factually
deficient to support such a claim.

Such claims cannot find support, as all Defendants enjoy immunity from such claims.  In 1978, the Pennsylvania General Assembly passed the Act of September 28, 1978, P.L. 788, No. 152, 1 Pa.C.S. §2310, a comprehensive tort claims act which provides sovereign immunity for the Commonwealth, its officials, and its employees.  There are nine (9) specifically delineated exceptions to this sovereign immunity.  They are: (1) vehicle liability; (2) medical/professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoid and vaccines. 42 Pa.C.S. §8522(b); *Story v. Mechling*, 412 F.Supp.2d 509, 518 (W.D.Pa. 2006) affirmed 214 Fed.Appx. 161 (3rd Cir. 2007)(2007 WL 127974).  "These exceptions must be strictly construed and narrowly tailored." *Brown v. Blaine*, 833 A.2d 1166, 1173 (Pa.Cmwlth.  2003).

Although it is possible for a state employee to lose this immunity, depending upon the factual scenario, the limited allegations of the SAC do not support the individual Defendants loosing this defense.

Essentially, a state actor must be acting outside the course and scope of his employment for a plaintiff to be able to side step sovereign immunity.  Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the employer…*Natt v. Labar*, 117 Pa.Cmwlth. 207, 543 A.2d 223 (Pa.Commw.Ct.1988)

There are no allegations in the SAC that any individual Defendant was not acting in the scope of employment.  As such they are entitled to a dismissal of all state tort claims asserted based on sovereign immunity.  Equally the institutional Defendants are clothed with that immunity.

## E.  PLAINTIFF HAS FAILED TO PLEAD A CAUSE OF ACTION FOR A VIOLATION OF HER FIRST AMENDMENT RIGHT TO FREE SPEECH AGAINST ANY INDIVIDUAL DEFENDANT

Plaintiff indicates in her SAC that her right to free speech was violated by all Defendants.  However, she only provides conclusory language that Barbara Raymond "immediately" terminated the plaintiff after an "unknown third coworker" shared information about Plaintiff's face book postings with Raymond. (SAC ¶ 25) The SAC does not take any effort to determine which other Defendants, committed this violation. As previously argued, the entity Defendants, and the individual Defendants sued in their official capacity are entitled to 11th Amendment immunity.  The only First Amendment violation that can be pursued is against an individual defendant, pursuant to 42 U.S.C. Section 1983, as made actionable by *Monell.*  However, a review of the Second Amended Complaint does not offer factually support for such a cause of action, even against Raymond.  Plaintiff has not established that her protected activity caused her dismissal.

First Amendment Retaliation claims are subject to a three-part test, in which the plaintiff must prove that "(1) he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation." *Favata v. Seidel*, 2013 WL 310221, *3 (3d Cir. 2013) (citing *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)).

Plaintiff does not make out a valid claim for a violation of her First Amendment rights. First, Plaintiff does not identify that Raymond terminated her because of First Amendment activity.  Indeed, the SAC indicates that Raymond testified in a proceeding to the exact opposite: "Defendant Barbara Raymond denied even knowing about the part of the off duty Facebook messages..." (SAC ¶ 32)  There is nothing in the operative complaint holding any other individual Defendant even remotely responsible for retaliation.  Plaintiff's general position throughout her SAC is to state "The Defendants' violated" her rights, without identifying which particular Defendant engaged in the improper conduct.  Such a shotgun based pleading process clearly does not meet the standards as set forth by *Twombly* and *Iqbal, supra.*  As an example, members of the Civil Service Commission should not be charged with responding to claims that they violated Plaintiff's First Amendment rights by retaliation.  Likewise the director of PASSH (Barbara Raymond) should not have to answer for allegations that she had her due process rights violated in the manner in which Plaintiff's civil service hearing was conducted.

Although it may be plausible for Plaintiff to rescue her First Amendment Claim against an individual Defendant with a further amended complaint, the existing operative complaint should not stand, as is.  Defendants are entitle to a dismissal of the SAC for its failure to set forth a cognizable claim.

**F.  PLAINTIFFS CLAIMS AGAINST THE CIVIL SERVICE COMMISSION, THE STATE UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, THE DEPARTMENT OF STATE/OFFICE OF HEARING EXAMINERS, AND ALL OF THEIR INDIVIDUAL MEMBERS ARE BARRED BY QUASI**

**JUDICIAL IMMUNITY, AND BECAUSE PLAINTIFF DID NOT AVAIL**

**HERSELF OF THE STATUTORY APPEAL RIGHTS AVAILABLE TO HER[4]**

### 1.   QUASI JUDICIAL IMMUNITY.

Plaintiff appears to sue any entity involved in her case that does not provide her with the results she desires.  This is evident in her first suing the CSC after they did not set aside her termination.  She then sued the UCRB when they did not award her benefits.  She has also sued the BOPA/BON as they have not given here an unfettered nursing license.  All three of these bodies, as well as the individual defendants who serve on the bodies, were acting in a judicial capacity.  As such, they are immune from Plaintiffs claims under the doctrine of quasi-judicial immunity.

As its name suggests, "quasi-judicial" immunity is a doctrine under which government actors whose acts are relevantly similar to judging are immune from suit. "Quasi-judicial absolute immunity attaches when a public official's role is 'functionally comparable' to that of a judge." *Hamilton v. Leavy,* 322 F.3d 776, 785 (3d Cir. 2003). Regardless of his job title, if a state official must walk, talk, and act like a judge as part of his job, then he is as absolutely immune from lawsuits arising out of that walking, talking, and acting as are judges who enjoy the title and other formal indicia of office. See *Omnipoint Corp. v. Zoning Hearing Bd.,* 181 F.3d 403, 409 (3d Cir.1999) (holding that a zoning board acted in a quasi-judicial capacity when it denied a

---

[4] Again, Plaintiff generally asserts all causes of action against all Defendants, even when it is obvious that some of the Defendants had nothing to do with certain of Plaintiffs' causes of action.  Accordingly, Defendants assert that a fair reading of the SAC can only assert the due process/equal protection claims against the Defendants who were involved in the review and adjudication of her civil service appeal, unemployment compensation proceeding and the review of her nursing license.  All other defendants assert, in addition to their other responses, that the SAC is insufficient to require them to respond to these particular arguments under *Twombly/Iqbal*

conditional use permit). *Chambers v. Upper Darby Twp. Civil Serv. Comm'n*, No. CIV.A. 95-465, 1995 WL 631673, at *3 (E.D. Pa. Oct. 26, 1995)

Plaintiff has asserted in her SAC that the Pennsylvania State Civil Service Commission (CSC) denied her due process when they did not permit her to testify at her appeal hearing, which she lost.  She indicates that the final adjudication was entered on December 8, 2016 and that her request for reversal and reconsideration was denied on January 11, 2017.  What is immediately apparent is that the CSC was acting in its adjudicatory capacity, reviewing the decision to terminate Plaintiff to establish whether just cause for the termination existed.

Plaintiff, a state civil service employee, was entitled to maintain her employment unless it could be established that she gave good cause to the PASSH to terminate her employment.  The Pennsylvania Civil Service Act provides as follows:

No regular employee in the classified service shall be removed except for just cause.

71 P.S. §741.807.

Plaintiff alleges that after her termination from her job, she appealed that decision   and had a hearing in front of the CSC.  The CSC is charged with determining whether just cause existed.  In that role, they are the finders of fact, with the duty of assessing credibility and resolving factual disputes. The Commission is the finder of fact and has exclusive authority to assess credibility and resolve evidentiary conflicts. *Wei v. State Civil Service Commission (Department of Health),* 961 A.2d 254, 259 (Pa.Cmwlth.2008)

Allowing a claim against the CSC and/or its individual members would be akin to allowing an unhappy litigant to bring a lawsuit against the court, after she has lost the case.

Recognizing the chilling effect such lawsuits could have, concepts of immunity have applied to courts and court like entities.

As to the State Unemployment Compensation Board of Review, again it is apparent that the allegations against them arise from their quasi-judicial role in reviewing the determination of an unemployment compensation referee.  The SAC sets forth that the UCBR "violated the Plaintiff's right to due process by failing to provide legal citations for their decision, for admitting hearsay as evidence, for denying the Plaintiff's motion to deny hearsay, and by refusing to remand the matter to the Referee when Plaintiff submitted new evidence of Perjury by a witness that was mailed to the Plaintiff by an unknown party" (SAC ¶ 36)  The SAC further indicates that Kathy Manderino "further violated the Plaintiff's right to due process of law by denying the Plaintiff's written request for the names of the board members who had made the decision and for denying the Plaintiff's written request for the legal citation that was used by the board members.."(SAC ¶ 37)

Defendants assert that these allegations are woefully deficient, pursuant to *Twombly/Iqbal* and they do not assert a cause of action for a Constitutional violation.  Of equal importance, is the fact that it is obvious from the allegations that these particular Defendants were acting in a judicial capacity, and are therefore entitled to immunity.

Likewise, the Department of State, Bureau of Hearing Examiners was engaging in judicial conduct in their activities involving the Plaintiff.  The SAC indicates that the BON did not reinstate her temporarily suspended license within 180 days after it was suspended (SAC ¶ 40)[5]

---

[5] Defendants further assert that there is no cause of action for not providing a reinstatement within 180 days

All of the above conduct was judicial in nature.  All of the actions were subject to judicial review[6].  A formal appellate procedure is probably the single most court-like feature a governmental body can have. *Dotzel* v. *Ashbridge,* 438 F.3d 320, 325–28 (3d Cir. 2006)

All of the Defendants are entitled to judicial immunity

## 2.   PLAINTIFF DID NOT AVAIL HERSELF OF THE STATUTORY APPEAL RIGHTS AVAILABLE TO HER.

Plaintiff asserts that she was deprived of her due process rights by the actions of these agencies.  Particularly she complains about the CSC "did not permit the Plaintiff to testify at her appeal hearing" (Id ¶ 34) She took no action to appeal the decision of the CSC to the Commonwealth Court of Pennsylvania, as was her right[7] Had she taken that step, the Commonwealth Court would have reviewed the actions of the CSC, including, specifically, whether Plaintiffs constitutional rights had been adequately protected by the process.  "On appeal to this Court, an adjudication of the State Civil Service Commission shall be affirmed unless it appears that such was not in accordance with law, that any finding of fact necessary to support such  adjudication is not supported by the evidence or that the constitutional rights of the appellant have been violated**.**" *Department of Transportation v. State Civil Service Commission,* 5 Pa.Cmwlth.Ct. 263, 290 A.2d 434 (1972*).*

---

[6] Civil Service Commission decisions, UCBR decisions and BON decisions are reviewable by the Commonwealth Court.  42 Pa.C.S.A.§ 763(a)(1) (appeals from Commonwealth agencies) Pursuant to local agency law, 2 Pa.C.S.A. § 702 Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42

[7] Local agency appeals law, *supra*

Plaintiff failed to avail herself of her right to appeal the decision of the CSC to the Commonwealth Court.  She did ask the CSC to set aside their decision.  However, when those efforts were not successful, she ignored her state appeal rights, instead opting to file this suit, attempting to invoke the authority of the federal courts under the provisions of the 14th Amendment.  Such a course of action is not proper.  Plaintiff may not claim she was not given due process when she refused to avail herself of the process that existed for her in the state court system.

Local Agency Law allows for an appeal of the decision of these agencies to the Commonwealth Court.  The Commonwealth Court would then be in a position to review the decisions of the agencies to determine, in part, whether Plaintiff's constitutional rights had been protected. The US Supreme Court has held that a losing litigant in a state court civil proceeding must exhaust his appellate remedies before seeking relief in the federal courts. "In short, we do not believe that a State's judicial system would be fairly accorded the opportunity to resolve federal issues arising in its courts if a federal district court were permitted to substitute itself for the State's appellate courts. We therefore hold that Younger standards (requiring exhaustion of appellate rights in state court criminal system prior to seeking federal jurisdiction) must be met to justify federal intervention in a state judicial proceeding as to which a losing litigant has not exhausted his state appellate remedies." *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 609, 95 S. Ct. 1200, 1211, 43 L. Ed. 2d 482 (1975)

Plaintiff has not properly pursued any of her claims against any of these quasi-judicial Defendants through the Commonwealth Court.  Accordingly, she may not now pursue a cause of action, based on a lack of  process, in this federal proceeding.

### G.  PLAINTIFFS CLAIMS FOR A VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER LAW ARE TIME BARRED

Plaintiff asserts that she is a whistleblower, and brings a specific claim for a violation of the Pennsylvania Whistleblower Statute at Claim Five:

Whistleblower Retaliation in Violation of the Pennsylvania Whistleblower Law, 43 Pa.C.S. §§ 1421-1428, the Older Adults Protective Services Act 35 P.S. §§ 10225.302, 006 Pa. Code §§15.22.  Against all Defendants. (SAC ¶ 37)

Defendants first assert that Plaintiff has not identified any "Federal" whistleblower statute and defense counsel is unaware of such a federal law that covers the allegations in plaintiffs SAC. There is no such applicable federal law for Plaintiff to pursue in this lawsuit.

There is, however, a specific Pennsylvania statute entitled the "Whistleblower Law" It is codified at 43 P.S. §§ 1422, *et. seq.*  Plaintiffs claim may well sound within this state act, however it is untimely, and should therefore be dismissed.

The Whistleblower Act requires any action be brought within 180 days of the occurrence. **Civil action.--**A person who alleges a violation of this act may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation.  43 Pa. Stat. Ann. § 1424 (West)

Plaintiff alleges she was terminated on March 2, 2016.  180 days from that date takes her to August 30, 2016.  This action was commenced on June 8, 2017.  She is long past the statutory bar. Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss. *See Robinson v. Johnson,* 313 F.3d 128, 134–35 (3d Cir.2002). In this circuit, however, we permit a

limitations defense to be raised by a motion under Rule 12(b)(6) "only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' " *Id.* (quoting *Hanna v. U.S. Veterans' Admin. Hosp.,* 514 F.2d 1092, 1094 (3d Cir.1975)). *Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) It is clear from reading the allegations of the complaint that the Whistleblower claim is untimely and the claim should be dismissed.

## H.  ALL INDIVIDUAL DEFENDANTSARE ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity applies to all of the individually named Defendants in this case.  Public officials are immune from suit under 42 U.S.C. § 1983 unless they have "violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Plumhoff,* 572 U.S., at ——, 134 S.Ct., at 2023 (internal quotation marks omitted). An officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it," *ibid.*, meaning that "existing precedent ... placed the statutory or constitutional question beyond debate." *Ashcroft v. al– Kidd,* 563 U.S. ——, ——, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011). This exacting standard "gives government officials breathing room to make reasonable but mistaken judgments" by "protect [ing] all but the plainly incompetent or those who knowingly violate the law." *Id.,* at ——, 131 S.Ct., at 2085. *City & Cty. of San Francisco, Calif. v. Sheehan,* 135 S. Ct. 1765, 1774, 191 L. Ed. 2d 856 (2015)

The individual defendants were doing nothing more than their jobs. Plaintiff has not identified any clearly established law these Defendants may have violated.  The individual Defendants are entitled to qualified immunity.

## III. CONCLUSION

WHEREFORE, Defendants respectfully requests that the instant motion be granted.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:    */s/ MICHAEL E. KENNEDY*
MICHAEL E. KENNEDY
Deputy Attorney General
Attorney I.D. 52780

Office of Attorney General                              KENNETH L. JOEL
564 Forbes Avenue, Manor Complex            Chief Deputy Attorney General
Pittsburgh, PA 15219                                     Chief, Litigation Section

Date: December 15, 2017                               *Counsel for Defendants*

## CERTIFICATEOF SERVICE

I certify that a true and correct copy of this motion, the brief in support and the proposed court order were served upon the Plaintiff on December 15, 2017, by ECF and first class US mail to her record address:

3342 west 12th street, Erie PA  16505.

Attorney for Defendants,

*/s/ Michael E Kennedy*
Michael E Kennedy
Deputy Attorney General
PA ID 52780