# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY E. LEWEN, | ) |
|         Plaintiff, | ) |
| v. | ) |
| | ) |
| PENNSYLVANIA SOLDIERS' | ) |
| AND   SAILORS' HOME, et al., | ) C.A. No. 17-148 Erie |
| | ) |
|         Defendants. | )District Judge Susan Paradise Baxter |

## PLAINTIFF'S MOTION FOR RECONSIDERATION- FRCP RULE 60(b)

Plaintiff, NANCY E. LEWEN, pro se, respectfully requests this Honorable Court to reconsider its Order of March 25, 2019. (Docket # 67 and 68)

FRCP Rule 60(b) provides that the Court may relieve a party or its legal representative from a final judgment, order or proceedings for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or  (6) any other reason that justifies relief.

Plaintiff relies upon the grounds of FRCP Rule 60(b)(1) mistake, inadvertence, surprise, or excusable neglect.  In support, the Plaintiff avers as follows:

1

**Ripeness of the case.**

This case might not actually be ripe for consideration on the Motion to Dismiss. Plaintiff wishes to call to the attention of this Court that she has recently filed four appellate cases in the Pennsylvania Commonwealth Court against the Defendants, one timely filed and three filed *nunc pro tunc* on February 7, 2019. It would be helpful in resolving this case if the Plaintiff can procure memorandum opinions from the Commonwealth Court, particularly involving the Defendants State Board of Nursing and Bureau of Professional and Occupational Affairs.

The timely filed case *Lewen v. Bureau of Professional and Occupational Affairs/State Board of Nursing,* #1685-CD-2018, is an appeal of the Final Order of the Board of Nursing entered on December 12, 2018. It was filed on December 26, 2018, and is currently awaiting consideration by the Court.

The status of the three *nunc pro tunc* appeal cases is:

<u>Lewen v. State Civil Service Commission</u>, filed on February 7, 2019, #151-CD-2019, is currently awaiting the Respondents brief.

<u>Lewen v. Unemployment Compensation Board of Review</u>, filed on February 7, 2019, #152-CD-2019 was closed on April 5, 2019.

<u>Lewen v. Bureau of Professional and Occupational Affairs,</u> filed on February 7, 2019, #153-CD-2019 was dismissed as untimely on March 12, 2019 and is awaiting the Court's ruling on the Plaintiff's Petition for Reconsideration filed on March 24, 2019.

**Calculating time for Statute of Limitations**

During these proceedings, the Plaintiff inadvertently neglected to inform this Court that on August 10, 2016 she mailed, via Certified Letter, a notice of intent to sue, to the Defendants Department of Military and Veterans Affairs and the Pennsylvania Office of the Attorney General. This was 161 days after her termination from employment on March 2, 2016,   This is relevant with respect to statute of limitations in Section 1983 cases, which does not have its own statute of limitations. "the forum state's personal injury statute of limitations governs."  *Wilson v. Garcia*, 471 U.S. 261 (1985).   Thus, with the exception of the Whistleblower Retaliation claim, the statute of limitations in this case is the state's personal injury statute of limitations, which in the Commonwealth of Pennsylvania is two years.  (42 Pa. CSA § 5524.)   For personal injury claims filed against Commonwealth of Pennsylvania state government agencies, a party is required to file notice of intent to sue within six months. (42 Pa. CSA  § 5522.)

It is also important to note that March 2, 2016 was the last retaliatory employment action taken by Defendants Raymond and PSSH.  However, the DMVA continued to retaliate against the Plaintiff during the post termination period. The last act of post termination retaliation by the DMVA against the Plaintiff was on or about January 31, 2017.   This was the date when the DMVA sought the assistance of the Bureau of Professional and Occupational Affairs and State Board of Nursing to attack the Plaintiff's nursing license, which they knew she was not even using.  If the DMVA had truly been concerned for public safety as they alleged, they would have utilized available Pennsylvania emergency mental health laws to have the Plaintiff immediately evaluated by mental health professionals, involuntarily if necessary.  Instead, they did nothing but solicit the assistance of other state government agencies to attack the Plaintiff's nursing license.

The Affidavit of Attorney T'rese Evancho, filed by the Defendants on November 17, 2017, clearly shows that the only reason that the Plaintiff's nursing license was disciplined was because she had bombarded the opposing counsel with "hundreds" of emails over a several month period of time.  Yet, in the Order to Show Cause, she only attached three emails.  The page numbers clearly showed that the three emails were part of a larger collection of emails.  Regarding applying the Pennsylvania Whistleblower Law, CLAIM FOUR, the Plaintiff may not have filed suit soon enough to allege this claim against PSSH.  However, regarding the DMVA and Civil Service Commission, the last adverse action was NOT March 2, 2016.  The Adjudication from the hearing in that matter was entered and mailed on December 8, 2016, exactly 181 days prior to the Plaintiff filing this federal lawsuit.  That date is one day outside the requisite 180 day filing deadline.  It is reasonable to assume that this Plaintiff did not realize that the SCSC commissioners had committed Whistleblower Retaliation on December 8, 2016.  The Adjudication was placed in the mail in Harrisburg, Pennsylvania on Thursday December 8, 2016.  It is plausible that the Plaintiff did not know of the order until it arrived at her home in Erie, PA on Monday, December 12, 2016, which was 177 days prior to her filing this whistleblower retaliation lawsuit.

Also in support of her argument of a timely filed Whistleblower Retaliation claim against the State Civil Service Commission, the Plaintiff relies upon the opinion entered by the US District Court, Middle District of Pennsylvania on August 23, 2018 in the case *Semian vs. Dept. of Military and Veterans Affairs-Gino J. Merli Veterans Center* 3:17-CV-1183.  Therein, the Plaintiff had been terminated on October 25, 2015, and did not file suit with his whistleblower retaliation claim in the U.S. District Court until 619 days later, July 5, 2017.  The Middle District Court reasoned that there was no clear established date that the Plaintiff knew that the employer had

4

committed whistleblower retaliation.   Therefore, the Middle District Court was willing to allow the whistleblower retaliation claim.  Furthermore, the last retaliatory adverse action by the State Civil Service Commission was in a letter dated January 12, 2017,  in response to the Plaintiff's Request to Reconsider Adjudication.  (EXH #P-25, filed 11/03/2017)    The Commissioners should have resolved the whistleblower retaliation claim themselves, in their forum.  Pursuant to the Pennsylvania Whistleblower Law, an employee covered by civil service who contests a civil service action, believing it to be motivated by his having made a good faith report, verbally or in writing, of an instance of wrongdoing or waste, may submit as admissible evidence any or all material relating to the action as whistleblower and to the resulting alleged reprisal.   When filing her appeal, the Plaintiff clearly typed "whistleblower retaliation" as grounds for her appeal. (EXH #P-20, filed 11/3/2017)  The final adjudication makes reference to the whistleblower retaliation only in a very small footnote on the last page, but otherwise ignores and conceals it.[1]

**Defendants and Claims in the Proposed Third Amended Complaint**

If the Court will reconsider the judgment entered in this case, the Plaintiff asks that the Court would also stay ruling in this proceeding any further until the Plaintiff's appellate cases in the Commonwealth Court are concluded.   As soon as she has obtained final orders in those cases, she will promptly file a third amended complaint with those orders and opinions attached regarding the UCBR, SCSC, BON and BPOA defendants. The Plaintiff will not name any of the quasi judicial

---

[1] In the Footnote on page 29 of ADJUDICATION, the Commissioners acknowledge, "Appellant also argued that her removal was motivated by retaliation for her having contacted the Department of Health about "deficiencies" at the appointing authority. N.T. pp. 223-224. The Commission will not address this argument because the appeal was not raised under Section 951(b) of the Act.  We also note that appellant offered no testimony to support this argument."

5

officers or Anthony Carrelli as Defendants. However, members of the DMVA human resources department did violate the Plaintiff's CLAIM ONE First Amendment right to freedom of speech, by punishing her for protected activity. The State Civil Service Commissioners abused their power and discretion and denied the Plaintiff due process of law by not reducing the Plaintiff's discipline from termination to a more appropriate discipline. "Section 952(c) of the Civil Service Act (Act) provides: Under this provision, the Civil Service Commission has the power to modify the action of an appointing authority, even where the charges brought against the employee are proven." *Galant v. Department of Environmental Resources,* 534 Pa. 17, 626 A.2d 496 (1993); see also *Pennsylvania Liquor Control Board v. Flannery,* 595 A.2d 685 (Pa. Cmwlth. 1991) (where the Commission found that an employee of a state liquor store was "lax" in assuming he could take samples for his own use but did not intend to take Commonwealth property, the Commission acted within its discretion by modifying his dismissal to a 30-day suspension). In *State Correctional Institution at Graterford, Department of Corrections v. State Civil Service Commission* (Terra), (No. 3145 C.D. 1997, filed September 25, 1998), the Pennsylvania Commonwealth Court addressed the latitude that the Civil Service Commission has in overturning a decision of the agency holding that while it was broad it was not unfettered. In *Department of Corrections v. Roche,* 654 A.2d 64 (Pa. Cmwlth.), a corrections officer was discharged due to his failure to report an inmate beating and his perjury before a grand jury concerning the beatings. The Commission modified his penalty from removal to a 30-day suspension pursuant to Section 952(c) of the Act. Despite concluding that the appointing authority had, in fact, proven that the employee violated the Code of Ethics, the Commission determined that his violations nonetheless did not warrant removal and imposed only a 30-day suspension. Likewise, the Commissioners could have very easily

6

reduced the Plaintiff's discipline to a more appropriate discipline.  At the time that they entered their final Adjudication on December 8, 2016, the back pay and benefits that was owed to the Plaintiff was approximately $40,000.  At that time, the Plaintiff still had an active and unencumbered nursing license.  They easily could have easily reinstated her to her former position with back pay and the matter would have been resolved.  Instead, they chose to violate the Plaintiff's First Amendment rights by upholding the employment termination performed by Defendant Raymond.

     WHEREFORE, for the reasons stated herein, and for reasons that might be further discovered by the Commonwealth Court, Plaintiff, NANCY E. LEWEN, pro se, respectfully requests this Honorable Court reconsider It's March 25, 2019 Order.   If granted, the Plaintiff also asks that the Court would stay ruling in these proceedings until the Plaintiff has obtained all of the orders and memorandum opinions from the Commonwealth Court, if any. She would then promptly file a Motion for Leave to File a Third Amended Complaint.

Respectfully Submitted this 11th day of April, 2019.

/s/Nancy E. Lewen, Plaintiff, pro se
150 Chad Brown Street
Providence, RI 02908

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2019, a true and correct copy of the foregoing pleading was forwarded by email and first class mail to counsel for all of the Defendants at the address of:

Michael E. Kennedy, Esq.
Senior Deputy Attorney General
PA Office of the Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222


/s/Nancy E. Lewen
150 Chad Brown Street
Providence, RI 02908