IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NANCY E. LEWEN                  :
                                  :     Civil Action No. 1:17-cv-148-SPB
             Plaintiff,          :
                                    :
      v.                            :
                                    :     Judge Susan Paradise Baxter
BARBARA RAYMOND,          :
                                    :
            Defendant.       :
                                    :
                                    :
                                    :

## RESPONSE TO MOTION TO RECONSIDER

And now comes the Defendant, **Commandant Barbara Raymond,** in connection with

the above-captioned case, by and through her attorneys, who file the within response to Plaintiffs

motion for reconsideration (ECF 72), and set forth as follows:

This case arises from Plaintiff's termination from her employment with Defendant, The

Pennsylvania Soldiers and Sailors Home (PASSH), and her efforts to contest that

termination through the civil service procedures available to her. Plaintiffs' Second Amended

Complaint (SAC) (ECF 31) contains the operative factual assertions.

Plaintiff alleges that she was a civil servant, employed as a licensed practical nurse at

PASSH. PASSH is identified as on one of six long term care facilities operated by the

Department of Veterans Affairs. *Id.* She alleges that on March 2, 2016 she was terminated in

retaliation for her reporting of elder neglect and quality of care issues at the veterans' home to

the Pennsylvania Attorney General and the Pennsylvania Department of Health. She asserts that

the stated reasons for her termination, allegations of workplace violence, are pretextual. (*Id.*g

enerally). She alleges that she had a civil service appeal hearing, and an unemployment

compensation appeal hearing after her termination, and identifies certain witnesses who testified at those proceedings. (*Id*. ¶s 27, 29 and 31) She alleges she was terminated as retaliation for engaging in protected speech and that Pennsylvania State Civil Service Commission (CSC) denied her due process in her efforts to overturn the termination. The specific claims were identified as:

**Claim One**- Denial of Freedom of Speech in violation of the First Amendment of the US Constitution against all Defendants.

**Claim Two**- Denial of Due Process and Equal Protection of the law in violation of the Fourteenth Amendment of the US Constitution against all Defendants.

**Claim Three**- Retaliation in violation of the Occupational Safety and Health Act of 1970 (OSH Act). Against all Defendants1

**Claim Four**- Whistleblower Retaliation in Violation of the Pennsylvania Whistleblower Law, 43 Pa.C.S. §§ 1421-1428, the Older Adults Protective Services Act 35 P.S. §§ 10225.302, 006 Pa. Code §§15.22. Against all Defendants.

**Claim Five**- Defamation of Character: Libel, Slander in violation of 42 PA.C.S.A §§ 8341-8345. Against all Defendants for publishing false defamatory statements in public records up to and including publishing a statement calling the Plaintiff a "threat to public safety"

**Claim Six**- Infliction of Mental Anguish and Humiliation. Against all Defendants for Exercising such undue hostility and administrative bullying under color of state law as to cause the Plaintiff to suffer a complete psychotic breakdown.

**Claim Seven**- Wrongful Termination. Against Defendants PASSH, Barbara Raymond,

PADMVA, Anthony Carrelli, PACSC, Bryan R. Lentz, Odelfa Smith Preston, Gregory

Lane

**Claim Eight**- Meritless Denial of Unemployment Compensation. Against Defendants

PASSH, Barbara Raymond, PADMVA, Anthony Carrelli, Pennsylvania department of

Labor and Industry Unemployment Compensation Board of Review and Kathy

Manderino

**Claim Nine**- Disability Discrimination and Failure to Accommodate a Disability.

Against all Defendants

Defendants filed a motion and brief to dismiss the entirety of Plaintiffs claim on

December 15, 2017 (ECF 60 and 61) Plaintiff responded on December 20, 2017 by failing a brief

in opposition (ECF 63) and again on January 2, 2018 by filing a supplemental brief in

opposition.

On March 25, 2019, this Court entered its order, with supporting opinion, (ECF 67 and

68) granting the motion to dismiss, in part, dismissing all defendants and claims but for the First

Amendment freedom of speech and retaliation claim against defendant Raymond.  A review of

the Court's opinion provides the following reasons as to why the other claims and defendants

were dismissed:

A.  The state Agency defendants were dismissed based on 11th Amendment immunity.

B.  The state law (tort) claims were dismissed based on sovereign immunity

C.  The individual defendants who sat on boards  or commissions that reviewed Plaintiffs

various claims as she sought redress are immune pursuant to quasi-judicial immunity

D.  The Whistle Blower action was untimely as she was fired on March 2, 2016 but did not commence this action till June 8, 2017, well beyond the 180 day statutory time limit

E.  Defendant Carrelli was dismissed as there was no clear claim pled, and he could not be liable on a *respondeat superior* basis

F.  The First Amendment claim against Raymond **survived** the 12 b 6 motion

G.  The Due Process claim against Raymond was dismissed, as plaintiff did not have a sufficient property interest

H.  The ADA claim against Raymond was dismissed as Raymond is not a "public entity" subject to such a claim.

I.  The unknown board members would also have quasi-judicial immunity.

Plaintiff has filed a motion for reconsideration (ECF 72) asking the Court to reconsider the dismissal of certain of the claims and defendants.  She argues that she has filed several nunc pro tunc appeals to the decisions by the State Civil Service Commission, the Unemployment Compensation Board of Review and the Bureau of professional and Occupational Affairs.  She alludes that the case "might not be ripe for consideration on the Motion to Dismiss" To the extent Plaintiff concedes she does not have all of the elements necessary to pursue certain claims that concession speaks for itself.  Regardless, the Courts reasoning to dismiss these discussed defendants and claims was based upon immunity.  There has been no change in law, circumstances, or any mistakes that would require any reconsideration.

Plaintiff next argues that she had sent a letter with a notice that she intended to sue certain of the defendants on August 10, 2016.  Setting aside whether such a letter would toll the statute, even if it did, she then waited from August 10, 2016 to June 8 of 2017 (311 days) to file

her lawsuit.  That time period itself is well beyond the 180 day limitation.  Accordingly, she cannot escape the timeliness issue even if the Court would conclude that her unilateral "mistake" gave her the benefit of rule 60(b). Ignorance or carelessness on the part of a litigant's attorney is not sufficient grounds for granting relief under Rule 60(b). *PTS Realty Holding, LLC v. Frompovicz,* No. CV 17-0319, 2017 WL 5515960, at *1 (E.D. Pa. Mar. 1, 2017)

The Plaintiffs further arguments on timeliness are of no concern, given that only the Whistleblower claim was dismissed as untimely.  Further, any and all such arguments, such as a tolling argument based upon lack of knowledge, could have been submitted in the two filings plaintiff made in opposition to the motion.  Further, plaintiff's assertion that the Civil Service Commissioners should have "resolved the whistleblower retaliation claim themselves, in their forum" again misses the mark.  The Commission and its members were not dismissed from this lawsuit base on timeliness issues.  Further, her legal position is flat out wrong, as the Commonwealth Court of Pennsylvania has original jurisdiction of whistleblower claims.

CONCLUSION

Plaintiff has not set forth any legitimate reason for this Court to reconsider its rulings on the motion to dismiss.  Plaintiff is, trying to make new arguments that were well within her knowledge and control at the time her response was due.  Further, her arguments do not relate to the Courts reasoning on most of the dismissals.  This case should now proceed with the remaining claims against the remaining defendant, and plaintiff will be able to exercise her appeal rights after any final determination by the district court.

Respectfully submitted,

JOSH SHAPIRO

Attorney General


/s/ *Michael Kennedy*
MICHAEL KENNEDY
Sr. Deputy Attorney General
PA ID 52780

KELI NEARY
Chief Deputy Attorney General
Civil Litigation Section

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Date: April 25, 2019