IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY E. LEWEN | : | |
| | : | Civil Action No. 1:17-cv-148-SPB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Judge Susan Paradise Baxter |
| BARBARA RAYMOND, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**<u>RESPONSE TO MOTION TO COMPEL (ECF 80)</u>**

And now comes the Defendant, **Commandant Barbara Raymond,** in connection with

the above-captioned case, by and through her attorneys, who file the within response to Plaintiffs

motion to compel (ECF 80), and set forth as follows:

This case arises from Plaintiff's termination from her employment with

Pennsylvania Soldiers and Sailors Home (PASSH), and her efforts to contest that

termination through the civil service procedures available to her. Plaintiffs' Second Amended

Complaint (SAC) (ECF 31) contains the operative factual assertions.

Plaintiff alleges that she was a civil servant, employed as a licensed practical nurse at

PASSH. PASSH is identified as on one of six long term care facilities operated by the

Department of Veterans Affairs. *Id.* She alleges that on March 2, 2016 she was terminated in

retaliation for her reporting of elder neglect and quality of care issues at the veterans' home to

the Pennsylvania Attorney General and the Pennsylvania Department of Health. She asserts that

the stated reasons for her termination, allegations of workplace violence, are pretextual. (*Id.*g

enerally). She alleges that she had a civil service appeal hearing, and an unemployment

compensation appeal hearing after her termination, and identifies certain witnesses who testified at those proceedings. (*Id*. ¶s 27, 29 and 31) She alleges she was terminated as retaliation for engaging in protected speech and that Pennsylvania State Civil Service Commission (CSC) denied her due process in her efforts to overturn the termination. The specific claims were identified as:

**Claim One**- Denial of Freedom of Speech in violation of the First Amendment of the US Constitution against all Defendants.

**Claim Two**- Denial of Due Process and Equal Protection of the law in violation of the Fourteenth Amendment of the US Constitution against all Defendants.

**Claim Three**- Retaliation in violation of the Occupational Safety and Health Act of 1970 (OSH Act). Against all Defendants1

**Claim Four**- Whistleblower Retaliation in Violation of the Pennsylvania Whistleblower Law, 43 Pa.C.S. §§ 1421-1428, the Older Adults Protective Services Act 35 P.S. §§ 10225.302, 006 Pa. Code §§15.22. Against all Defendants.

**Claim Five**- Defamation of Character: Libel, Slander in violation of 42 PA.C.S.A §§ 8341-8345. Against all Defendants for publishing false defamatory statements in public records up to and including publishing a statement calling the Plaintiff a "threat to public safety"

**Claim Six**- Infliction of Mental Anguish and Humiliation. Against all Defendants for Exercising such undue hostility and administrative bullying under color of state law as to cause the Plaintiff to suffer a complete psychotic breakdown.

**Claim Seven**- Wrongful Termination. Against Defendants PASSH, Barbara Raymond,

PADMVA, Anthony Carrelli, PACSC, Bryan R. Lentz, Odelfa Smith Preston, Gregory

Lane

**Claim Eight**- Meritless Denial of Unemployment Compensation. Against Defendants

PASSH, Barbara Raymond, PADMVA, Anthony Carrelli, Pennsylvania department of

Labor and Industry Unemployment Compensation Board of Review and Kathy

Manderino

**Claim Nine**- Disability Discrimination and Failure to Accommodate a Disability.

Against all Defendants


Defendants filed a motion and brief to dismiss the entirety of Plaintiffs claim on

December 15, 2017 (ECF 60 and 61) Plaintiff responded on December 20, 2017 by failing a brief

in opposition (ECF 63) and again on January 2, 2018 by filing a supplemental brief in

opposition.

On March 25, 2019, this Court entered its order, with supporting opinion, (ECF 67 and

68) granting the motion to dismiss, in part, dismissing all defendants and claims but for the First

Amendment freedom of speech and retaliation claim against defendant Raymond.  A review of

the Court's opinion provides the following reasons as to why the other claims and defendants

were dismissed:

    A.  The state Agency defendants were dismissed based on 11th Amendment immunity.

    B.  The state law (tort) claims were dismissed based on sovereign immunity

    C.  The individual defendants who sat on boards  or commissions that reviewed Plaintiffs

        various claims as she sought redress are immune pursuant to quasi-judicial immunity

D.  The Whistle Blower action was untimely as she was fired on March 2, 2016 but did not commence this action till June 8, 2017, well beyond the 180 day statutory time limit

E.  Defendant Carrelli was dismissed as there was no clear claim pled, and he could not be liable on a *respondeat superior* basis

F.  The First Amendment claim against Raymond **survived** the 12 b 6 motion

G.  The Due Process claim against Raymond was dismissed, as plaintiff did not have a sufficient property interest

H.  The ADA claim against Raymond was dismissed as Raymond is not a "public entity" subject to such a claim.

I.  The unknown board members would also have quasi-judicial immunity.


Accordingly, the only remaining claim is against Barbara Raymond for a first amendment retaliation claim.

<u>CURRENT DISCOVERY DISPUTE</u>

Plaintiff had indeed sent a series of emails to the undersigned, which could be considered as discovery.  She made requests for materials from the DMVA, including for personnel records of the employee whom she "stalked" to the point that she was terminated. She has also requested that various charts be created from metadata in the DMVA system. She has also asked for depositions of a number of current and former employees.  Plaintiff is proceeding pro se, and appears to believe the Defendant has an obligation to "provide" a deposition.  Counsel has responded to her emails with an email of this date that reads as follows:


*Dear Ms. Lewen,*

Please allow this email to serve as a response to your several email requests.

Your 4/30/2019 email requests materials from the DMVA. The DMVA is no longer a party to this action. The Defendant is Barbara Raymond. She does not have the materials that would be in the custody of the DMVA. That would particularly include attendance and/or performance records of any former employees, such as Barry Blasic, emails and other such charts. Please note that Ms Raymond is not required to create any documents for you. To the extent you request a specific document you believe she is in possession of, please indicate that to me. I will then check with her to see if she does indeed have such a document. It is my belief, that if you issue a subpoena to the DMVA for such records, the DMVA would object and move to quash, given the lack of relevance, and privacy concerns for a former employee. To the extent you seek specific emails, I suggest you limit the time frames and provide realistic "search words" so that an effective determination can be made .

To the extent you seek a deposition of Mr. Blasic, I will make myself available at a mutually agreed upon time for such a proceeding. I will not take the steps to notice the proceeding. That is your responsibility, as a party to the lawsuit, to take the necessary steps to conduct whatever depositions you deem appropriate. Concerning depositions of Deborah Cubero and Ronald Hamm, again, I will make myself and those current employees available at a mutually convenient time for you to take their deposition. The same for all current employees, including Kenneth Langford, Kristy Kenna. Please provide options for dates and I will work with you to get the depositions scheduled. I can NOT produce former employees, such as Thomas Buchleitner. I will be as available as possible for such proceedings.

I will be filing a response to your motion today. I will call you tomorrow at 2 to commence the phone conference with the Judge.
Thank you.
Mike Kennedy

p.s. Your 7/12/2019 email is a not so thinly veiled threat. If you send any more such correspondence, I will seek judicial intervention.

Michael E. Kennedy, Esquire
Senior Deputy Attorney General
Office of Attorney General
Commonwealth of Pennsylvania
Western Regional Office
Litigation Section
1251 Waterfront Place
Pittsburgh PA  15222
412 565 7495
mkennedy@attorneygeneral.gov

It is the position of the Defendant that she is not the DMVA, and does not have either control of, nor custody of the various documents being sought by the Plaintiff. It is further the Defendant's position that even if she had the documents, they are not relevant and highly

privileged, at least as they relate to Barry Blasic.  As Plaintiff was terminated for her incessant

stalking and invasion of Mr. Basic's personal life, it is extremely questionable as to whether any

materials surrounding him should be provided to someone who has asserted having a mental

disorder.  Her case requires her to prove she engaged in protected speech, and was terminated

because of that conduct.  Her discovery should be geared towards that issue.  Not whether Barry

Blasic showed up on time.

   As to depositions of various people, the undersigned will cooperate with the scheduling

of any witness the Plaintiff wishes to depose[1].

Wherefore Defendants request that Plaintiff's Motion to Compel be denied.


         Respectfully submitted,

         JOSH SHAPIRO
         Attorney General


         */s/ Michael Kennedy*
         MICHAEL KENNEDY
         Sr. Deputy Attorney General
         PA ID 52780

         KELI NEARY
         Chief Deputy Attorney General
         Civil Litigation Section

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Date: July 15, 2019

---

[1] This willingness to cooperate is subject to any necessary motions to quash.