IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NANCY E. LEWEN,                        )
                                       )
                  Plaintiff,           )       C.A. No. 17-148 Erie
         v.                            )
                                       )
PENNSYLVANIA SOLDIERS'                 )
AND SAILORS' HOME, *et al.,*           )
                                       )
                  Defendants.          )

## MEMORANDUM OPINION

### I.      Introduction

Plaintiff Nancy Lewen commenced this *pro se* civil action on June 7, 2017 after being terminated from her job at the Pennsylvania Soldiers' and Sailors' Home ("PSSH"), one of six veterans' homes operated by the Pennsylvania Department of Military and Veterans' Affairs ("DMVA"). Plaintiff's second amended complaint ("SAC"), the operative pleading, set forth nine causes of action directed at numerous state agencies, entities and/or officials. ECF No. 31.[1] Plaintiffs' claims alleged: (1) the infringement upon her First Amendment free speech rights and related retaliation by all Defendants; (2) the denial of her Fourteenth Amendment due process

---

[1] The named Defendants included: PSSH; Commandant Barbara Raymond ("Raymond"); DMVA; Brigadier General Anthony Carrelli, Adjutant General ("Carrelli"); Pennsylvania State Civil Service Commission ("CSC"); Chairman Bryan R. Lentz ("Lentz"); Commissioner Odelfa Smith Preston ("Preston"); Commissioner Gregory M. Lane ("Lane"); Pennsylvania Department of Labor and Industry, Unemployment Compensation Board or Review ("UCBR"); Kathy Manderino, Secretary of the Pennsylvania Department of Labor and Industry ("Manderino"); Pennsylvania Bureau of Professional and Occupational Affairs ("BPOA"); Suzanne Hendricks ("Hendricks"); Linda A. Kerns, Committee Member ("Kerns"); Sherri Luchs, Committee Member ("Luchs"); Pennsylvania Department of State/Office of Hearing Examiners ("POHE"); and Christopher K. McNally, Hearing Examiner ("McNally"). Plaintiff sued all individual Defendants in both their personal and official capacities.

1

and equal protection rights by all Defendants; (3) retaliation by all Defendants in violation of the

Occupational Safety and Health Act of 1970; (4) retaliation by all Defendants in violation of the

Pennsylvania Whistleblower Law, 43 Pa. C.S.A. §§1421-1428; (5) defamation of character, libel,

and slander by all Defendants; (6) "infliction of mental anguish and humiliation" by all

Defendants; (7) wrongful termination by Defendants PSSH, Raymond, DMVA, Carrelli, CSC,

Lentz, Preston, and Lane; (8) "meritless denial of unemployment compensation" by Defendants

PSSH, Raymond, DMVA, Carrelli, UCBR, and Manderino; and (9) alleged disability-based

discrimination and failure to accommodate a disability by all Defendants.

On March 25, 2019, this Court entered a Memorandum Opinion and Order in which it

dismissed all of Plaintiff's claims with the exception of her First Amendment claims against

Raymond based upon the alleged violation of Plaintiff's free speech rights and alleged

retaliation. ECF Nos. 67, 68.  On April 11, 2019, Plaintiff filed a motion for reconsideration of

the Court's ruling. ECF No. 72.  Defendant Raymond filed a response two weeks later.  ECF

No. 77.  Plaintiff's motion for reconsideration is now ripe for resolution.

## II.   **Discussion**

"A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law

or fact or to present newly discovered evidence.'" *Jackson v. City of Phila.*, 535 F. App'x 64, 69

(3d Cir.2013) (quoting *Max's Seafood Café ex rel. Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669,

677 (3d Cir.1999)).  A court may grant such a motion if the party seeking reconsideration

establishes one of the following: (1) an intervening change in the law; (2) the availability of new

evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *Id.* (citing

*Max's Seafood Café,* 176 F.3d at 677).[2] "Because of the interest in finality, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided." *Thomas v. Piccione,* Civil Action No. 13–425, 2014 WL 1653066, at *1 (W.D. Pa. April 24, 2014) (citing *Rottmund v. Cont'l Assurance Co.,* 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)). "'[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it[ ] has already made, rightly or wrongly.'" *Id.* (quoting *Williams v. City of Pittsburgh,* 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)).

In moving for reconsideration of the Court's March 25, 2019 ruling, Plaintiff does not point to any change in the law or any newly discovered evidence that was not previously

---

[2] Plaintiff's motion invokes Rule 60(b) of the Federal Rules of Civil Procedure, which gives courts the discretion to provide relief "from a final judgment, order, or proceeding" in cases where the movant can show:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Because the Court's March 25, 2019 Order was an interlocutory ruling, rather than a "final judgment, order or proceeding," Rule 60(b) does not apply. Instead, the applicable Rule is 59(e), which permits parties to file motions "to alter or amend a judgment" within 28 days after its entry. Fed. R. Civ. P. 59(e). Courts analyzing motions for relief under Rule 59(e) apply the standard set forth above. *See Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010) ("A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.") (citation omitted).

3

available to her.  Instead, she raises two points, neither of which establish grounds for review under the clear error/manifest injustice standard.

(i)

Plaintiff first suggests that the Defendants' underlying Rule 12 motion was not ripe for resolution because she is still awaiting rulings from the Pennsylvania Commonwealth Court in four appellate proceedings that relate to matters under consideration in this case, specifically:

(i)     an appeal of the Final Order of the State Board of Nursing entered on December 12, 2018 relative to Plaintiff's professional license (Case No. 1685-CD-2018);

(ii)    an appeal of the Civil Service Commission's final order upholding Plaintiff's termination for cause (Case No. 151-CD-2019);

(iii)   an appeal of the final order entered by the Unemployment Compensation Board of Review denying unemployment compensation benefits (Case No. 152-CD-2019); and

(iv)    an appeal of the final order entered by the Bureau of Professional and Occupational Affairs (Case No. 153-CD-2019).

Plaintiff posits that "[i]t would be helpful in resolving this case if [she] can procure memorandum opinions from the Commonwealth Court, particularly involving the Defendants State Board of Nursing and Bureau of Professional and Occupational Affairs."  ECF No. 72 at 2. "As soon as she has obtained final orders in those cases," Plaintiff states, "she will promptly file a third amended complaint with those orders and opinions attached regarding the UCBR, [CSC], BON, and BPOA defendants." *Id.* at 5.

4

This line of argument is mooted by the fact that all four of Plaintiff's appellate proceedings have since been terminated by adverse rulings.[3] The final order of the State Board of Nursing was affirmed by the Commonwealth Court on July 26, 2019. *See L, N. v. BPOA (Bd. of Nursing),* No. 1685-CD-2018, 215 A.3d 1080 (Table), 2019 WL 3720510 (Commw. Ct. July 26, 2019). In the remaining three cases, the Commonwealth Court granted the appellees' motions to quash the appeals and dismissed the proceedings as untimely. *See Lewen v. State Civil Serv. Comm'n,* No. 151-CD-2019 (Commw. Ct. April 30, 2019); *Lewen v. Unemployment Compensation Bd. of Review,* No. 152-CD-2019 (Commw. Ct. Mar. 28, 2019); *Lewen v. Bureau of Prof. and Occupational Affairs,* No. 153-CD-2019 (Commw. Ct. Mar. 12, 2019). In the latter two proceedings, the Commonwealth Court denied Plaintiff's petitions for reconsideration on April 4, 2019 and April 15, 2019, respectively. *See id.* Consequently, Plaintiff's first point fails to state a basis for reconsideration of the March 25, 2019 ruling.

(ii)

Plaintiff's second line of argument relates to statute-of-limitations issues purportedly bearing on her Section 1983 and Pennsylvania Whistleblower Law claims. Again, her arguments lack merit.

---

[3] The Court can take judicial notice of these rulings because they are matters of public record and the fact of the Court's ruling is not subject to reasonable dispute. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 413 (3rd Cir. 1999) (taking judicial notice of an earlier court opinion as a matter of public record); *Grey v. Johansson,* No. CV 15-2479, 2016 WL 1613804, at *4 (E.D. Pa. Apr. 22, 2016) ("Matters of public record include previous court opinions and proceedings from related cases.")

Initially, Plaintiff asserts that she "inadvertently neglected to inform the Court that on August 10, 2016 she mailed . . . a notice of intent to sue[ ] to the Defendants Department of Military and Veterans Affairs and the Pennsylvania Office of Attorney General." ECF No. 72 at 3. Plaintiff posits that this notice, sent 161 days after her termination, is relevant to the statute of limitations that governs her Section 1983 claims. *Id.* Importantly, however, none of Plaintiffs' Section 1983 claims were dismissed on the basis of untimeliness. Instead, the Court's dismissal was predicated upon considerations of Eleventh Amendment immunity, quasi-judicial immunity, the Defendants' lack of personal involvement in the alleged misconduct, and/or Plaintiff's failure to allege facts that could support a plausible constitutional violation. *See* ECF No. 67 at 5-17, §§II (A), (C), (E), (F), (G), and (I). Therefore, Plaintiff's mailing of a notice of intent to sue has no bearing on the Court's dismissal of her 1983 claims.

Plaintiff next challenges the Court's dismissal of her whistleblower claims against the DMVA and CSC. Unlike Plaintiff's §1983 claims, the whistleblower claims *were* dismissed as untimely. As the Court explained in its March 25, 2019 Memorandum Opinion:

> The Whistleblower Law cited by Plaintiff provides that "[a] person who alleges a violation of this act may bring a civil action ... within 180 days after the occurrence of the alleged violation." 43 Pa. [C.S.A.] § 1424(a). "Despite the use of the permissive 'may,' the Whistleblower Law's '180–day time limit is mandatory, and courts have no discretion to extend it.'" *Campion v. Northeast Utilities*, 598 F. Supp. 2d 638, 645 (M.D. Pa. Feb. 24, 2009), *citing O'Rourke v. Pa. Dep't of Corr.*, 730 A.2d 1039, 1042 (Pa. Commw. Ct. 1999) citing *Perry v. Tioga County*, 649 A.2d 186, 188 (Pa. Cmwlth 1994), *appeal denied*, 540 Pa. 609, 655 A.2d 995 (1995).
>
> Here, Plaintiff's termination occurred on March 2, 2016; however, this action was not commenced until June 8, 2017, well beyond the 180-day statutory time period allowed. Thus, Plaintiff's retaliation claim under Pennsylvania's Whistleblower Law will be dismissed. . . .

ECF No. 72 at 11.

6

In her motion for reconsideration, Plaintiff contends that her whistleblower claim against the DMVA was timely because the agency's last retaliatory act allegedly occurred on January 31, 2017.  As described by Plaintiff, that is the date on which "the DMVA sought the assistance of the Bureau of Professional and Occupational Affairs and State Board of Nursing to attack the Plaintiff's nursing license, which they knew she was not even using."  ECF No. 72 at 3.

To the extent Plaintiff is suggesting that the DMVA engaged in a "continuing violation" of the Pennsylvania Whistleblower Law (beyond the date of her termination), the Court notes that this theory was not previously alleged in Plaintiff's Second Amended Complaint; therefore, it cannot be asserted now as a basis for reconsideration of the Court's prior dismissal order.  In any event, however, Plaintiff's whistleblower claim against the DMVA was properly dismissed on Eleventh Amendment immunity grounds.  *See Woodring v. Republican Caucus of Pa. House of Representatives*, No. 1:18-CV-1158, 2019 WL 1383633, at *8 (M.D. Pa. Mar. 27, 2019) ("The Whistleblower Law is silent as to federal court jurisdiction over the causes of action authorized therein. 43 PA. STAT. AND CONS. STAT. ANN. § 1421 et seq.  Accordingly, the Eleventh Amendment plainly bars Woodring's Whistleblower Law claim against the House Republican Caucus.") (citing authority).

Plaintiff next argues that her whistleblower claim against the CSC was timely and should not have been dismissed.  Although she acknowledges that the CSC issued its adverse adjudication on December 8, 2016 (one day outside of the 180-day limitations period), she contends that her claim is nevertheless timely pursuant to Pennsylvania's discovery rule, because she did not find out about the Commission's ruling until she received it in the mail on December 12, 2016.  Moreover, Plaintiff argues that the CSC's last retaliatory act occurred on January 12, 2017, when the Commission issued its letter denying Plaintiff's request for reconsideration.

7

Neither argument establishes a basis for relief. Plaintiff's claim against the CSC, like her claim against the DMVA, was properly dismissed on the basis of Eleventh Amendment immunity. *See Woodring,* 2019 WL 1383633, at \*8. In addition, her whistleblower claims against the individual commissioner Defendants were properly dismissed on the basis of quasi-judicial immunity. *See Chambers v. Upper Darby Twp. Civil Serv. Comm'n,* No. CIV.A. 95-465, 1995 WL 631673, at \*3 (E.D. Pa. Oct. 26, 1995) ("Members of a Civil Service Commission are protected from damages by quasi-judicial immunity."). Accordingly, Plaintiff has not put forth any grounds for revisiting the Court's March 25, 2019 Order.

## III.   Conclusion

Based upon the foregoing reasons, Plaintiff has failed to demonstrate clear error or manifest injustice relative to the Court's March 25, 2019 Order. As no grounds warranting reconsideration have been established, Plaintiff's motion will be denied.

An appropriate order follows.

SUSAN PARADISE BAXTER
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NANCY E. LEWEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 17-148 Erie** |
| **v.** | ) | |
| | ) | |
| **PENNSYLVANIA SOLDIERS'** | ) | |
| **AND SAILORS' HOME,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

NOW, this 8th day of November, 2019, upon consideration of the Plaintiff's Motion for

Reconsideration, ECF No. 72, and all filings related thereto,

IT IS ORDERED, for the reasons set forth in the accompanying Memorandum Opinion,

that the motion shall be, and hereby is, DENIED.


SUSAN PARADISE BAXTER
United States District Judge

1