THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY E. LEWEN, : | |
| : | Civil Action No. 1:17-cv-148-SPB |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Magistrate Judge Susan Paradise |
| BARBARA RAYMOND, : | Baxter |
| : | |
| Defendant. : | |

**PLAINTIFF'S MOTION FOR CLARIFICATION AND EXTENSION OF TIME**

On 11/14/2019, Plaintiff, Nancy E. Lewen, pro se, filed MEMORANDUM FOR TELEPHONIC CONFERENCE ON DECEMBER 5, 2019 CONCERNING MOTION TO COMPEL FILED ON NOVEMBER 1, 2019.  ECF [97].   At the telephonic conference and Motion hearing on December 5, 2019 at 10:00 am, the parties discussed nine (9) interrogatories, including two previously answered interrogatories, for a total of thirty two (32) interrogatories.

Following the Motion hearing, a Minute Entry was entered on the record as follows:

"for proceedings held before Judge Susan Paradise Baxter: Motion Hearing held on 12/5/2019 re Motions filed at ECF Nos. [93] and [95]. The Court held a telephonic motion hearing and discussed discovery and related pretrial deadlines. Plaintiff's motions to compel discovery responses were orally GRANTED to the extent that Defendant was directed to provide responses  to the Plaintiff's discovery requests identified in Plaintiff's supplemental filing [97], as set forth on the record. Defendants' counsel indicated that she will take Plaintiff's telephonic deposition on 12/23/2019. Defendants' motion for summary judgment due on or before 03/06/2020. Plaintiff's response to motion for summary judgment due on or before 05/01/2020. to the Plaintiff's discovery requests identified in Plaintiff's supplemental filing [97], as set forth on the record."

1

Plaintiff received by email on December 20, 2019 the attached **DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES.** Therein, the Defendant expanded her answers Interrogatories 17 and 18, as requested, but did not answer the remaining Interrogatories, stating,

> *"Since the request for additional Interrogatories beyond the twenty-five (25) permitted pursuant to the Federal Rules of Civil Procedure regarding discovery was NOT granted to Plaintiff, the remaining supplemental discovery requested pertains to Interrogatories 17 and 18."*

Plaintiff was under the impression that this Court had orally granted her request in its entirety, compelling Defendant Raymond to answer a total of thirty-two (32) Interrogatories. Plaintiff hereby requests at this time for the Court to clarify and to reasonably extend the Discovery period, which currently ends on December 31, 2019.   In consideration of the Christmas and New Years holidays, the Plaintiff proposes that it would not be unreasonable to extend the Discovery period until January 15, 2019 and to leave all other deadlines in place.

**STANDARD**

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA, Inc.,* 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (citation and internal quotation omitted). "Clarification regarding language used in a court order is a permissible ground for such a motion." Id.

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  The Court "has discretion to grant timely requests for extensions [under Rule 6(b)(1)]."

*Woodruff v. McPhie,* 593 F.Supp.2d 272, 276 (D.D.C. 2009) aff'd, 383 Fed. App'x 5 (D.C. Cir. 2010).

The Plaintiff hereby requests that the Court clarify the portion of its Minute Entry entered on December 5, 2019, regarding the number of Interrogatories the Defendant is required to answer, as being the thirty two (32) Interrogatories identified in Plaintiff's supplemental filing [97], and to extend the Discovery deadline to January 15, 2019.

Respectfully Submitted this 20th day of December, 2019.


<u>/s/  Nancy E. Lewen, Plaintiff, pro se</u>
150 Chad Brown Street
Providence, RI 02908

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this **PLAINTIFF'S MOTION FOR CLARIFICATION AND EXTENSION OF TIME** was served upon the Defendant's attorney by emailing a copy to her electronic address at:

ywarshafsky@attorneygeneral.gov

Yana L. Warshafsky
Deputy Attorney General
Office of Attorney General
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA  15222
(412) 565-5706

/s/ Nancy E. Lewen
150 Chad Brown Street
Providence, RI 02908
814-920-3180

Date: December 20, 2019