THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NANCY E. LEWEN,                          :
                                         :   **Civil Action No. 1:17-cv-148-SPB**
                    **Plaintiff,**       :
                                         :
        **v.**                           :
                                         :   **Magistrate Judge**
BARBARA RAYMOND,                         :   **Susan Paradise Baxter**
                                         :
                    **Defendant.**       :
                                         :
                                         :
                                         :
                                         :
                                         :

## MEMORANDUM BRIEF IN SUPPORT OF MOTION IN LIMINE TO INCLUDE REMAINING PART OF WRITING FRE 106

### Standard of Review  FRE Rule 106

The common-law doctrine of completeness has been partially codified by Fed. R. Evid. 106. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 171–72 ("The Federal Rules of Evidence have partially codified the doctrine of completeness in Rule 106."); *United States v. Wilkerson,* 84 F.3d 692, 696 (4th Cir. 1996) ("The common-law doctrine of completeness has been partially codified in Rule 106 of the Federal Rules of Evidence."). Rule 106 states:

> If a party introduces all or part of a *writing* or *recorded statement,* an adverse party may require the introduction, *at that time*, of any other part—or any other writing or recorded statement—that in *fairness ought to be considered at the same time.*

Fed. R. Evid. 106 (emphasis added). The italicized words highlight several important features of

Rule 106. First, it applies only to writings and recorded statements, not to conversations or other

oral statements that have not been memorialized in some written or recorded form. Second, when

the Rule applies, it permits the party against whom the incomplete information has been introduced

to require the introduction of completing information at the same time (the so called "acceleration

clause"). Third, the rule only requires the introduction of the completing information when fairness

requires that it be considered at the same time as the incomplete information.

**Background**

On May 26, 2016, the Plaintiff  printed out and sent by email to DMVA attorney Steven

Bushinski the writing that has been submitted by the Defendant in this case as Exhibit 9.   The

purpose of providing it in the administrative hearings was to show that the Plaintiff was a

whistleblower.  In the original email that accompanied the document, the Plaintiff clearly told

Attorney Bushinski that there were pictures and Youtube videos that did not show up in the

document. (Exhibit 2) At the State Civil Service Hearing on June 13, 2016 concerning Plaintiff's

termination, Attorney Bushinski stated that DMVA was only in possession of several of the posts

from Blasic (Defendant's Exhibit 8, Pages 14, 15)  At that same hearing, the Plaintiff expressed

concern that on the copy that was being presented, the highlighting did not show up very well.  In

the Transcript, her sentence was then cut off after the word "making---" regarding making

complaints to the DOH and AOG.  (Defendant's Exhibit 8, Pages 16-18)  At the hearing before

the unemployment compensation referee on June 24, 2016, the transcript shows discussion about

joint Exhibit 13 for those proceedings, the Facebook messages, and the yellow highlighting that

never showed up at that point.  It was also mentioned that <u>some links and pictures didn't show up</u>.

(Defendant's Exhibit 1, Pages 18-23)  On page 23 of that same exhibit, Blasic then submitted a document that was marked as Exhibit 14 for those proceedings. (Exhibit 3)  He stated that it was "excerpts of the Facebook messages that would include images and some of the links," which he said he had printed off from his laptop home computer.  Id. Attorney Bushinski went on to question Blasic regarding "sexual harassment."

In the Plaintiff's cross examination of Blasic during that same hearing,  Plaintiff asked Blasic to read the caption that was with one of the pictures and to read what she had said to accompany the picture on February 23, 2016.  The picture was a picture of a drawing of two adults, a male and female, in a sexual position.  It was captioned "closed for business."  Blasic read into the record, "Ray agreed with me that going up the chain of command pattern (Kevin)  is his immediate Supervisor.  Furthermore, Tim (Kim) Horvath's (phonetic) next step up is Barb Raymond.  Nancy Flanagan (phonetic) has no authority to advise Tim Horvath to take urinals away from men on Unit C and no authority to give any input at all on that unit.

Plaintiff then spoke to the hearing officer for the record, "Okay.  I asked him to read that just for the sake of asking you when you do look at these later on, could you please read through little things that I have written? Like don't just think that I was sending him pictures of sexual positions.  If you could please read what I wrote."

**Argument**

In her Motion for Summary Judgement argument, the Defendant questions what she is supposed to believe was intended as a joke by the Plaintiff and what was not intended as a joke by the Plaintiff.   The fact of the matter is,  ALL of the writings from the Plaintiff were intended "humorously," in the literary forms of "satire," and "parody."

The Advisory Committee Note to Rule 106 states:

> The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial. The rule does not in any way circumscribe the right of the adversary to develop the matter on cross-examination or as part of his own case.
> For practical reasons, the rule is limited to writings and recorded statements and does not apply to conversations.

Fed. R. Evid. 106 advisory committee's note to 1972 proposed rules (citation omitted).

The Defendant's Exhibit 9 is an incomplete portion of an artistic work that was a satirical, parodical and allegorical creative writing story, which also contained symbolism and metaphors. The Youtube videos and pictures are what carried the storyline and are necessary to provide the context of the writing. Taking them out of context creates a misleading impression. The Plaintiff has attempted to recreate the writing as best as she possibly can with what she still has available, but requires the images to make the writing complete. This "repairwork" needs to be done now rather than delaying it because the Plaintiff requires the missing images to complete the writing so that she can refer to the writing when she writes her response to the pending motion for summary judgment. The Facebook messages were fiction based on real life, and could possibly even be considered creative non-fiction, which is a genre of writing that uses literary styles and techniques to create factually accurate narratives. Creative nonfiction contrasts with other nonfiction, such as academic or technical writing or journalism, which is also rooted in accurate fact, but is not written purely to entertain. An allegory is a "layered" story with a surface story and underlying stories or themes. It is a literary work that conveys a hidden meaning-- moral, spiritual, or political, through the use of symbolic characters and events.

The story "The Tortoise and The Hare" is a well-known allegory.  The moral of the story is that the slow and steady approach symbolized by the tortoise wins in the end rather than the hasty and overconfident approach symbolized by the Hare.  Another example of an allegory, as it relates to the Facebook messages in this case, is the book in the Old Testament of the Bible called "Song of Solomon," or "Song of Songs," which is one of the main underlying themes in the Facebook messages storyline.

When reading the Facebook messages writing in its complete state with the Youtube videos and pictures,  the reader must be familiar with some of the background and dynamics of the workplace during the relevant time period, with the various "themes" and underlying stories as something like scenes from a "Seinfeld" episode on television.   *Seinfeld* was an American sitcom television series.  The show starred Jerry Seinfeld as a fictionalized version of himself, and mostly focused on his personal life with a handful of friends and acquaintances, including best friend George (Jason Alexander), friend and former girlfriend Elaine (Julia Louis-Dreyfus), and neighbor across the hall Kramer (Michael Richards). *Seinfeld* is set predominantly in an apartment building in the Upper West Side of New York City. It is often described as being "a show about nothing", as many of its episodes are about the minutiae of daily life.   Each episode always had a theme.

The Facebook messages were intended as one big "divine comedy."   The Facebook messages and all of the other writings were one big artistic work of creative writing filled with satire, parody, allegory and metaphors humorously poking fun at the various "themes" in the workplace and at Blasic's newfound status as a suddenly single man.

The Plaintiff wrote the Facebook messages to entertain Blasic while also counseling him as a friend and helping him to overcome the pain, loss and anger that he was experiencing because of

his wife's adultery and the divorce proceedings, which he was displaying quite publicly on Facebook. (Exhibit 4)

There has never been any dispute that the printed out version of the Facebook messages between Nancy Lewen and Barry Blasic that were submitted in the administrative proceedings did not contain all of the pictures that were in the Facebook messages and only contained website links and links to youtube videos and websites.   The Plaintiff asks the Court to read the Facebook messages and simultaneously read this Supplement that the Plaintiff is now filing, (Exhibit 5) which contains information from the youtube links contained in the exhibit that carried the storyline along. The Plaintiff has been able to retrieve all but one of the youtube videos, either in their original form on the YouTube website, or in archived form on a website called "Wayback Machine."   The Plaintiff knows what the one missing Youtube video was, which is confirmed by an email sent from Barry Blasic and his girlfriend to the Plaintiff on the evening after the civil service hearing (Exhibit 6)

The Facebook messages begin at the bottom on page 54 and end at the top on page 1.   The messages are printed out "upside down and backwards" because the Plaintiff was unable to figure out how to reverse them to print them out in a more easy to read chronological order.   The Facebook messages are still not complete, even with this Supplement.  There were many many more pictures that carried the storyline along.  The Plaintiff has not had access to those Facebook messages online since Blasic unfriended and blocked her in February 2016.  Even if he unblocked and re-friended her, the Plaintiff no longer has access to that Facebook account because she was hacked, deactivated the account and cannot get back into the account.   It is impossible to complete the document without including the missing pictures.

Wherefore, the Plaintiff requires the Defendant to obtain the rest of the images from Barry

Blasic so that the Defendant's exhibit 9 creative writing can be repaired to its original state.

Respectfully submitted this 25th day of June, 2020.

/s/ Nancy E. Lewen, Plaintiff, pro se
1837 State Hwy 285 Apt 2
Linesville, PA 16424

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this **MEMORANDUM BRIEF IN SUPPORT**

**OF MOTION IN LIMINE TO INCLUDE REMAINING PART OF WRITING  (FRE 106)**

was served upon the Defendant's attorney by filing through the ECF system.


Anna Zalewski
Deputy Attorney General
Office of Attorney General
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA  15222
(412) 565-5706



<u>/s/ Nancy E. Lewen</u>      <u>June 25, 2020</u>
1837 State Hwy 285 Apt #2
Linesville, PA 16424