IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY E. LEWEN | : | Civil Action No. 1:17-cv-148 SBP |
| Plaintiff, | : | Judge Susan Paradise Baxter |
| | : | |
| v. | : | |
| | : | |
| BARBARA RAYMOND | : | |
| Defendant. | : | |

## DEFENDANT'S RESPONSE IN ACCORDANCE WITH ECF. NO. 132

A. Defendant's Response to Plaintiff's Motion in Limine to include remaining part of writing (ECF. No. 123).

Defendant, Barbara Raymond, by Counsel, responds to ECF. No. 132 as follows, **first** because there is a Motion for Summary Judgment it is premature to file motions in limine; **second** Defendant was not aware of these communications and supplementing Defendant's Exhibit 9 thwarts Defendant's position of lack of knowledge; and **third** while Plaintiff's argument is couched as a Motion in Limine she appears to be asking for permission to rely on them in her Opposition in which there is no objection. Defendant does not object but reserves the right to raise any evidentiary issues in motions in limine prior to trial.

**First**, a motion in limine is designed to address trial issues at the time a case is ready for trial. While Plaintiff's evidentiary request is proper to raise in a motion in limine, at this stage of the litigation where pretrial motions are pending before the Court, it is premature to file motions in limine.

**Second**, Plaintiff appears to be asking the Court to supplement Defendant's Motion for Summary Judgment by including her additional writings to Defendant's Exhibit 9. Defendant was not aware of the entirety of the conversations that Plaintiff and Barry Blasic had when she

was terminated. After Plaintiff's termination, Defendant learned of more communications as stated in her Motion for Summary Judgment. Defendant has no knowledge of the information contained in ECF. NO. 123 and only became aware of it when Plaintiff filed this motion. Given that Defendant has no personal knowledge of these writings it is axiomatic that they will not be part of Defendant's Exhibits, especially because lack of knowledge is part of Defendant's defense.

**Third**, Fed.R.Civ.P. 56 (c)(1)(A) states that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56 (c) permits a proper summary judgment motion to be opposed by any of the stated materials listed. The videos listed by Plaintiff as part of her Facebook exchange with Barry Blasic, other Facebook posts by Barry Blasic, and emails with Barry Blasic fall into what is permissible by Rule 56 (c). Defendant does not see any admissibility objections to these materials for purposes of Plaintiff's opposition. Defendant does reserve the right to raise relevance issues and any other evidentiary issues should this case go to trial.

B. Defendant's Response to Plaintiff's Motion in Limine to Exclude Witness Testimony from Prior Legal Proceedings Who Are Not Witnesses-Declarants in this Case and have not given Depositions pursuant to FRE 801, 804 (a), and Fed.R.Civ.P.32 (a)(4).

Plaintiff is challenging the admissibility of the documents, Exhibit 1 and Exhibit 8, relied upon to support Defendant's position in her Motion for Summary Judgment. When the admissibility of documents are challenged, the party relying on the evidence must demonstrate

that such evidence is capable of admission at trial before it can be considered on summary judgment.  First, at the outset, Rule 56 permits a Summary Judgment Motion to be supported by any materials listed in Rule 56 (c).  Defendant's reliance on transcripts is permitted because they fall into the listed categories of "documents" or "other materials."

In addition, Rule 56 permits evidence relied on in a summary judgment motion to be considered in a form which is inadmissible at trial; however, the content of the evidence must be capable of admission at trial. Hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial.  See Shelton v. University of Medicine & Dentistry of New Jersey, et. al 223 F.3d 220 (2000).  It is clear that the party offering the evidence must demonstrate that it could satisfy the applicable admissibility requirements at trial before the evidence may be used on summary judgment. See  Robinson v. Hartzell Propeller Inc., 326 F.Supp.2d 631 (E.D.Pa.2004); Henry v. Colonial Baking Co. of Dothan, 952 F.Supp. 744, 750 (M.D.Ala.1996).  The statements of Barry Blasic, Bryan Skinner, Brian Bender, Kathy Wilcox, and Raymond Hamm will be admissible at trial.  Specifically, they will be called as witnesses to testify about conversations they had with Plaintiff, statements Plaintiff made, Facebook messages, workplace policies, and Plaintiff's knowledge of those policies.  The statements of Plaintiff would come in under Rule 803 (25) – An Opposing Party's Statement.

Finally, the Rules cited by Plaintiff as grounds for excluding Exhibit 1 and Exhibit 8 apply to trial or hearings not summary judgment motions. For all of the reasons stated above, this Court should deny Plaintiff's motion.

                                                Respectfully Submitted,

                                                /s/ Anna Zalewski
                                                Anna Zalewski, DAG
                                                Office of the Attorney General
                                                Mezzanine Level
                                                1251 Waterfront Place
                                                Pittsburgh, PA 15222
                                                *Counsel for Defendant*

Dated: November 3, 2020